JOHNSTOWN CEMETERY ASS'N v. PARKER.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

CONSTITUTIONAL LAW—STATUTES—CONFERRING LEGISLATIVE POWERS—VALIDITY.
   Laws 1895, c. 559, § 47, providing that cemetery associations may prescribe penalties for violating any of its regulations, recoverable by the association in a civil action, does not authorize the imposition of penalties on persons not members of the association, since that is a legislative power, which cannot be conferred on a domestic corporation.

Appeal from trial term, Fulton county.

Action by the Johnstown Cemetery Association against William Parker to recover certain penalties for alleged violations of its regulations. From a judgment dismissing the complaint (59 N. Y. Supp. 821), plaintiff appeals. Affirmed.

This is an appeal from a judgment and order dismissing the complaint upon the merits upon the ground that the facts proved are insufficient to constitute a cause of action. The complaint alleges: That the plaintiff is a domestic corporation, duly organized in October, 1849, under the laws of the state of New York, as a cemetery association. That in May, 1898, pursuant to section 47, art. 3, c. 559, Laws 1895, it adopted rules and regulations, among others one known as "section 9," which provides that the superintendent of the grounds shall have the sole care and superintendence of the grading and of the care of all the lots, including all work done thereon, and that no work whatever shall be performed in the cemetery or upon any lot except by the superintendent of the grounds, or with his consent, and under his superintendence. It provides further that such section shall not prevent any lot owner from doing any proper work upon his own lot himself, under the

control and subject to the approval of the superintendent of the grounds. Any person or persons violating this regulation shall forfeit a penalty in the sum of $25, to be recovered as provided by law. It then alleges that the defendant, without right or authority, did and performed work upon, and assumed the care of, one of the lots in said cemetery grounds, known as the "Gardiner Lot," without the consent or approval of the superintendent of said grounds, and contrary to his expressed directions, and in direct violation of the said rule and regulation; whereby he became and is indebted to it in the sum of $25, being the penalty incurred by him for the violation of such rule and regulation and of the statute. It also sets forth two other similar alleged violations, and demands judgment against the defendant for the sum of $75. Section 47, c. 559, Laws 1895, provides that the directors of cemetery associations may make reasonable rules and regulations for the use, care, management, and protection of the property of the corporation, and of all lots, plats, or parts thereof, in its cemetery; and that directors "may prescribe penalties to be paid by a person violating any such rule or regulation, not exceeding twenty-five dollars for each violation, which shall be recoverable by the association in a civil action." Upon the trial it appeared that the defendant, who is not a member of such association, or a lot owner thereof, did the work, as alleged, for three separate lot owners, upon their employment, without authority of the superintendent, and contrary to his expressed directions. At the close of the testimony the defendant moved for a dismissal of the complaint upon the ground that the facts proved were insufficient to constitute a cause of action, which motion was granted. From the judgment entered upon the order dismissing the complaint, the plaintiff appeals to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John M. Carroll & Son (Fred L. Carroll, of counsel), for appellant. Andrew J. Nellis, for respondent.

HERRICK, J. The passage of a rule and regulation and the imposition of a penalty for its violation is an act of legislative power. The legislative power of the state is vested in the legislature, and "one of the settled maxims in constitutional law is that the power conferred upon the legislature to make laws cannot be delegated by that body to any other body or authority." Cooley, Const. Lim. 116. There is an apparent exception made to this in the case of municipal corporations, or corporations vested with any of the political power of the state, and exercising governmental functions as one of the agencies of the state. This comes from the immemorial power of legislative bodies to grant charters to municipal corporations and bodies of like character exercising governmental functions in a particular locality, and as a necessary incident to the power to grant such charters, and in furtherance of the purpose for which they are granted, to grant to the corporation or body so chartered the power to pass by-laws for local purposes, which have the force and effect of statutes in the locality and over the people subject to such corporation or governing body; and as a proper, if not necessary, means of enforcing such by-laws, to prescribe punishment for their violation. And when the people, by the constitution, conferred their legislative power upon the legislature, they conferred all such accustomed powers of legislation with it. Tanner v. Trustees, 5 Hill, 121. But a cemetery association in no sense exercises any political or governmental functions. It is a domestic corporation, carried on and conducted for the benefit of its members and the individual

lot owners. The benefit that the public derives from the burial of the dead is only incidental. In re Deansville Cemetery Ass'n, 66 N. Y. 569. And while, undoubtedly, the association has the right to pass rules and regulations that are binding upon those who voluntarily become members of it, such rules and regulations have not, as to third persons, the force of statutes. Undoubtedly, they may pass rules and regulations excluding persons, not lot owners, from coming upon their grounds, and treat them as trespassers, and may recover whatever damage may be adjudged to have been occasioned by such trespass; but they cannot, by by-laws or regulations, fix an arbitrary sum as the measure of such damage, by a fine or a penalty. The defendant was not a member of the association, and was not bound by its rules and regulations any further than they served to exclude him from the grounds for such violation. The plaintiff has its common-law remedy against him as a trespasser, but the imposition of a penalty is without authority of law. For these reasons the judgment should be affirmed.

Judgment affirmed, with costs. All concur.