(44 Misc. Rep. 140.)

### STEIN et al. v. MARKS et al.

(Supreme Court, Special Term, New York County. June, 1904.)

1. MEMBERSHIP CORPORATIONS—DISCIPLINING MEMBERS.

The suspension or expulsion of a member of a membership corporation is not valid where it is not in compliance with the by-laws and statutes governing its procedure.

2. SAME—MEETINGS.

Where a meeting of the members of a membership corporation was not called by a quorum of seven of them, and on notice, as required by its by-laws, it is not a meeting of the corporation, and a suspension of its members at such a meeting is invalid.

3. SAME—EXPULSION OF MEMBER.

A membership corporation cannot expel a member entitled to rights or property or privileges therein without notice of charges preferred against him, and an opportunity to defend.

4. SAME—CONSTITUTION.

A constitution adopted by a membership corporation after its organization, not in conformity with its charter or certificate of incorporation, is invalid.

5. SAME—DISFRANCHISEMENT.

Where the object of a membership corporation, as shown by its certificate, was the maintenance of a club for social and literary purposes, a provision in a constitution subsequently adopted, pledging the members to support a certain political organization, and providing that any member expelled for treason to such organization should not be reinstated under any circumstances, and that in case of a dispute in the corporation seven members abiding by the constitution of the political organization should control the property of the corporation, is invalid.

6. SAME—CONSTITUTIONAL LAW.

A provision in the constitution of a membership corporation, organized for social and literary purposes, that a member expelled from a political organization which the constitution pledged the membership corporation to support should not be reinstated, is in violation of Const. art. 1, § 1, providing that no citizens shall be deprived of any right or privilege except by the law of the land or the judgment of his peers.

7. SAME.

By-laws of a membership corporation requiring members to give up, under penalty of expulsion, their exercise of the right of suffrage, are in violation of Const. art. 1, § 1, providing that no citizen shall be disfranchised or deprived of any rights except by the law of the land.

8. SAME—ILLEGAL EXPULSION—RELIEF IN EQUITY.

Where the members of a membership corporation are illegally expelled because of a threat to withdraw from a certain political organization

¶ 3. See Corporations, vol. 12, Cent. Dig. § 645.

which the corporation was pledged to support, and are excluded from meetings of the club, they may sue in equity the members in possession to enjoin them, and declare their expulsion void, and to compel such administration of the affairs of the corporation as will prevent a diversion of its assets to any other purposes than those provided by the charter of the organization.

9. SAME.

Where members of a membership corporation are illegally expelled, the remedy at law by an action against the individual members of the association is insufficient, justifying relief in equity.

Suit by Charles Stein and others against Michael Marks and others for an injunction. Judgment for plaintiffs.

Klein & Burkan, for plaintiffs.

Benjamin Patterson (George Bell, of counsel), for defendants.

CLARKE, J. The plaintiffs allege that they are members of the Excelsior Literary Society, a membership corporation, and bring suit against other members and the corporation. The relief prayed is that defendants be enjoined and restrained from disposing of the property of the corporation, or from using it, except as provided in the certificate of incorporation, and from interfering with the plaintiffs in the exercise of their rights as members, and from preventing their access to the rooms, and from attending and voting at corporate meetings, and from interfering with certain of the plaintiffs as officers in the exercise of their powers and duties; that the defendants be enjoined from admitting new members, except as provided by the constitution and by-laws; and that certain of the defendants be enjoined from acting as officers of the corporation, and that all acts done in violation of the plaintiffs' rights be adjudged void. The answers deny that plaintiffs are members and officers in good standing, and allege that plaintiffs have an adequate remedy at law. The corporation was organized under the membership corporation law, and its objects were defined in its certificate of corporation to be: "To advance the mental development of the members by means of literary exercises, debates, and lectures, and to foster sociability among its members; also to provide a clubroom or house for the use of said members." Some time after the incorporation a constitution was adopted pledging the support of the corporation to another organization formed for political purposes. The corporation subsequently appointed a committee to report on the advisability of amending the constitution so as to withdraw the support of the corporation from this political organization. On September 29, 1902, the meeting at which this committee was to report was broken up and no vote was permitted to be taken upon the report. It also appears that the plaintiffs have ever since been refused admission to the clubrooms, and prevented from attending meetings and from taking part in the affairs of the corporation, on the ground that they were suspended, and subsequently expelled, and on the further ground that the plaintiffs had forfeited their membership because they had not remained loyal to the society. It is well settled that no judicial tribunal will interfere with the internal government of the affairs of either voluntary associations or membership corporations, where the action complained of has been fairly taken in conformity with the reasonable

by-laws and regulations adopted for the orderly administration of their affairs. Baxter v. McDonnell, 155 N. Y. 83, 101, 49 N. E. 667, 40 L. R. A. 670; Matter of Haebler v. New York Pro. Exch., 149 N. Y. 414, 427, 44 N. E. 87; Lewis v. Wilson, 121 N. Y. 284, 24 N. E. 474. But such bodies must conform to their own rules and regulations, and no disciplinary action will be valid unless it be taken as prescribed by their by-laws and the statutes governing their procedure. People ex rel. Deverell v. Musical M. P. Union, 118 N. Y. 101, 23 N. E. 129. In the case before me the meeting of September 29th was broken up (by whom is immaterial), and the defendants and their friends met on the next evening, and attempted to suspend the plaintiffs. This meeting was not a meeting of the corporation. It was neither an adjourned meeting, for there had been no adjournment, nor a special meeting, for it was not called by a quorum of seven members and upon notice to all members by the secretary, as provided by article 2, § 4, of the by-laws. Were there no such by-laws, notice to members would, nevertheless, be necessary to enable the members to take corporate action. The rule is well stated in People v. Batchelor, 22 N. Y. 128, 134: "It is not only a plain dictate of reason, but a general rule of law, that no power or function intrusted to a body consisting of a number of persons can be legally exercised without notice to all the members composing such body;" and the statutes of this state expressly secure to every member his right to vote at every meeting of the members of any corporation, unless he be disqualified by the certificate of incorporation or the by-laws (section 20, General Corporation Law, Laws 1892, p. 1807, c. 687). Moreover, had this meeting been properly called, the action taken against the plaintiffs must nevertheless be held void. A member of a voluntary association or corporation who is entitled to privileges or rights of property therein cannot be expelled therefrom without notice of the charge preferred against him, and an opportunity to be heard in his own defense. Wachtel v. Noah W. & O. Soc., 84 N. Y. 28, 38 Am. Rep. 478; People ex rel. Johnson v. New York Prod. Exch., 149 N. Y. 401, 409, 44 N. E. 84; Loubat v. Le Roy, 40 Hun, 546. The by-laws of this corporation, by article 10, properly provide for such notice and hearing, but no notice nor hearing was given the plaintiffs. The subsequent proceedings against the plaintiffs in January, 1903, were equally objectionable. The plaintiffs were not only excluded from the meeting, but the committee which tried them consisted of persons who had never been elected members of the society. The defendants and their associates have proceeded in violation of their own rules and regulations in violation of the law, and with utter disregard of that fair dealing which should be characteristic of the administration of justice, whether by laymen or by the courts. But the defendants urge that the plaintiffs have forfeited all rights as members of the society because of their disloyalty to its constitution; that the rights of the members of the corporation were determined by the constitution; that the constitution of the society pledged the support of the corporation to the political organization, and when the plaintiffs attempted to withdraw that support they forfeited their rights as members, whether they constituted a majority or not. It is true, a minority can insist upon carrying out the purposes

of the society, at least so far as property is concerned, whether the society is incorporated or voluntary. The rule was early applied to church organizations. Watson v. Jones, 13 Wall. 679, 723, 20 L. Ed. 666. In McGinnis v. Watson, 41 Pa. 9, it was held that "title to church property adheres to that party which is in harmony with its own laws." So, also, where a lodge withdraws from the jurisdiction of a grand lodge, surrenders its charter, and forms a new lodge, the members who continue steadfast in their allegiance are held entitled to the property of the society. Altmann v. Benz, 27 N. J. Eq. 331; McFadden v. Murphy, 149 Mass. 341, 21 N. E. 868; Gorman v. O'Connor, 155 Pa. 239, 26 Atl. 379. These cases upon which the defendants rely are all in one of two classes: Either the offender was disloyal, in the case of a voluntary unincorporated association, to its constitution, or in the case of a corporation, the offender was disloyal to the objects stated in the charter or certificate of incorporation. The error in the defendants' position is that they are members of a corporation whose members derive their rights primarily from their charter, and not from the constitution. In the case of voluntary or unincorporated societies the rights of the members depend upon the constitution or articles of association. Belton v. Hatch, 109 N. Y. 593, 17 N. E. 225, 4 Am. St. Rep. 495. The relation is contractual, and a member acquires only such rights as the constitution and by-laws of the association give him, and the courts will not interpose its control unless public interests intervene. White v. Brownell, 4 Abb. Prac. (N. S.) 162, 191; O'Brien v. Grant, 146 N. Y. 163, 173, 40 N. E. 871, 28 L. R. A. 361; Weston v. Ives, 97 N. Y. 222; Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983; Lafond v. Deems, 81 N. Y. 508. But in the case of a corporation the rights of the members are dependent upon the powers of the corporation derived from the state as set forth in its charter or certificate of incorporation, the by-laws adopted in conformity therewith, and the statutes regulating such corporation. White v. Brownell, supra; People v. N. Y. Commercial Ass'n, 18 Abb. Prac. 271; Matter of Haebler v. New York Prod. Exch., 149 N. Y. 414, 427, 44 N. E. 87; Hellenberg v. Dist. No. 1, I. O. O. B., 94 N, Y. 580, 584. The constitution adopted by a corporation is merely a part of its by-laws, and must be consistent with its certificate of incorporation. Membership Corporations Law (Laws 1895, p. 333, c. 559) § 8. If the constitution of this society were the original compact of an unincorporated association, or if its terms were included in the purposes and objects stated in its charter or certificate of incorporation, the contention of the defendants would be well made. There is no objection to the formation of voluntary associations or of membership corporations to further and advance political beliefs, and associations and corporations are frequently organized for such purposes. The fact that the plaintiffs have not been steadfast in their political allegiance is sufficient ground to exclude them from the unincorporated political organization, but it will not deprive them of their statutory rights as members of the corporation. People ex rel. Dilcher v. German U. Ev. Ch. of Buffalo, 53 N. Y. 103. The Excelsior Literary Society was formed, as its certificate of incorporation provides and its name indicates, for social and literary purposes. There has been no disloyalty to the corporation on the part of

the plaintiffs. They have remained steadfast to the purposes for which it was formed. In fact, the very act for which the defendants seek to exclude them was an attempt on their part to so amend the constitution as to make it conform to the purposes of the incorporation by disassociating the society from the political organization. It is obvious that members of a corporation, who have the power to adopt a constitution and by-laws, necessarily have the right to alter or amend them. In the case of this society the method of amendment is expressly provided by sections 13 and 16, inclusive, of the by-laws, and the plaintiffs were proceeding in conformity therewith.

But the argument is made that members of a corporation are bound by their own by-laws, that the by-laws of this corporation pledged the support of its members to the political organization, and that the plaintiffs had acquiesced therein by becoming members. The general rule is that, "when an individual joins an incorporated club or legally organized body with power to make laws and rules for its own government and for the regulation of the conduct of its members, the member becomes bound by those laws and rules." Baxter v. McDonnell, 155 N. Y. 83, 101, 49 N. E. 667, 40 L. R. A. 670. But the by-laws, rules, and regulations of a membership corporation must be reasonable, and adapted to the purposes of the corporation. They must not be contrary to nor inconsistent with the laws of the state. Membership Corporations Law (Laws 1895, p. 333, c. 559) § 8; People v. Medical Soc., 24 Barb. 570; People v. St. Franciscus Ben. Soc., 24 How. Prac. 216; Kennedy v. Local Union No. 726, 75 App. Div. 243, 78 N. Y. Supp. 85; People v. Ben. Soc. of Operative Masons, 3 Hun, 361; Fay v. Supreme Tent, 38 Misc. Rep. 427, 77 N. Y. Supp. 994. In determining the purposes of a corporation the charter will be strictly construed. The General Corporation Law (section 10) provides: "No corporation shall possess or exercise any corporate powers not given by law or not necessary to the exercise of the powers so given." Laws 1892, p. 1804, c. 687; Oregon R. R. Co. v. Oregonian, 130 U. S. 1, 9 Sup. Ct. 409, 32 L. Ed. 837; People v. Utica Ins. Co., 15 Johns. 358, 8 Am. Dec. 243. The powers conferred on this corporation are to maintain a club for literary and social purposes. There is no mention in the certificate of incorporation of any political party or its principles. Nothing is said concerning the political character of its members. The provisions of the by-laws, for the violation of which the defendants contend the plaintiffs forfeited their rights, are contained in the preamble, whereby the members are pledged to support and uphold the principles and tactics of the political organization; in the obligation imposed upon each member not to belong to or support morally, financially, or otherwise any other political party; and in the rules that any member expelled for treason to that political party shall not be reinstated under any circumstances; that under no circumstances or conditions shall the society withdraw its support from the said political party; that in case of any struggle, dispute, or conspiracy taking place within the ranks of the society seven good standing members abiding by the constitution of the political organization shall be a sufficient number to constitute themselves the society, and be in full control of the property of the society. The last two provisions, it is de-

clared, shall not be altered, changed, or amended. These provisions are not consistent with the literary and social purposes for which the corporation was organized. It may be that the corporation could refuse to admit any but members of a certain political party to its membership, but the corporation cannot be diverted by its by-laws from the objects for which it was incorporated and converted into an organization for other and different pursuits. Moreover, it is unreasonable that a member should be subject to expulsion and deprived of his rights as a corporator because he does not hold a certain political faith, when the corporation was not formed for political purposes. In addition, the object sought to be effected by these by-laws is contrary to section 1 of article 1 of the Constitution of the state, which provides: "No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers." By-laws which compel the member of a corporation under penalty of expulsion to give up the free exercise of his rights of suffrage are in conflict with this article of the state Constitution. In People v. St. Franciscus Ben. Soc., 24 How. Prac. 216, it was held that the by-laws of a membership corporation requiring the members to receive certain religious rites was in conflict with article 1, § 3, of the state Constitution, declaring: "The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind." Mr. Justice Marvin (at page 221) says: "The defendant was organized and incorporated for charitable and benevolent purposes under a statute of the state, and it is possessed of property and funds in which the relator has an interest, and the law protects that interest, and he cannot be deprived of his rights by an unauthorized by-law, though he may have assented to it." So here the by-laws are unauthorized which restrict the untrammeled exercise of the right of franchise. It follows that the defendants did not become the body corporate in full control of its property, and the plaintiffs have never ceased to be members of the corporation

It is urged by the defendants that the plaintiffs should have brought mandamus for reinstatement, and that equity has no jurisdiction. When a member has been improperly expelled from a corporation, mandamus is the appropriate form of action by which to obtain reinstatement. Matter of Haebler v. New York Prod. Exch., 149 N. Y. 414, 44 N. E. 87; People ex rel. Johnson v. New York Prod. Exch., 149 N. Y. 401, 44 N. E. 84; Weidenfeld v. Keppler, 84 App. Div. 235, 238, 82 N. Y. Supp. 634, affirmed 176 N. Y. 562, 68 N. E. 1125. But in this case the plaintiffs have never been expelled. And where the defendants interfere with the plaintiffs in the exercise of their rights as members and officers of the corporation, exclude them from the rooms, prevent their attending meetings and voting, assume control of the corporation and divert its property, a suit in equity will lie. Fay v. Supreme Tent, 38 Misc. Rep. 427, 77 N. Y. Supp. 994. In such case an action for damages against the individual defendants, or a mere direction to recognize the plaintiffs as members, would not restore them to the full enjoyment of their rights, and the Supreme Court will exercise its equitable powers, and enjoin the defendants, de-

clare their unauthorized acts void, compel the orderly and prescribed administration of the corporate affairs, and prevent the diversion of the funds and property of the corporation to any other purpose than that for which the corporation was organized. In a suit for equitable relief the court will bring its relief down to the time of the trial, and thus make an end of the litigation. Kilbourne v. Supervisors, 137 N. Y. 170, 178, 33 N. E. 159. It appearing that no duly authorized meeting of the corporation has been held since September 29, 1902, all subsequent proceedings are void. Judgment may be entered accordingly.

Judgment accordingly.