MADELINE REILL CROSHER, Appellant, v. ALLAN V. CROSHER, Respondent.— Order modified so as to provide for a counsel fee of $100, one-half thereof to be paid as of the date of entry of the order herein, and the remainder to be paid when the case is reached for trial. As so modified, the order is affirmed, without costs. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

WILLIAM S. DUNLAY, Appellant, v. AVENUE M. GARAGE & REPAIR Co., INC., and Others, Respondents.— Order denying motion for temporary injunction affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

ERIT REALTY CORPORATION, Respondent, v. SEA GATE ASSOCIATION, Appellant.— Judgment reversed upon the law and the facts, without costs, and judgment directed as follows: (1) Plaintiff may file a stipulation within twenty days that the fence or barrier about the Sea Gate property shall be restored so as to include within it plaintiff's property; then plaintiff and all holding through or under it may hold and maintain their property and shall have the right of admission to, and use of, the streets in Sea Gate, under reasonable rules and regulations of the Sea Gate Association, the same as owners of property subject to such regulations, and defendant will be restrained from interfering with such use and maintenance; (2) in the event that plaintiff fails to file such stipulation, then defendant will be restrained from interfering with the use of the streets of Sea Gate by plaintiff, and those holding through or under it, in the same manner and to the same extent as owners of Sea Gate property use them, under reasonable rules and regulations of the association, the fence or barriers to remain as now constructed. In either event, the cause is remitted to Trial Term for the assessment of plaintiff's damages, if any — the difference in value of plaintiff's property with an unlimited use of said streets, and the use under one of the foregoing limitations, as the case may be. The plaintiff should have judgment for such amount. While we are in accord with the views of the learned trial court as to the legal rights of the parties, we are of the opinion that it would be inequitable to give plaintiff the relief afforded by the judgment from which the appeal is taken. The development of Sea Gate as a private residential section has been going on for a period of thirty years. It was begun by the Norton Point Land Company, of which plaintiff's immediate predecessor in title was at one time president. He was thoroughly acquainted with the conditions as they were under that company and as they have been under the defendant. True, he has saved his legal rights, and thus those of the plaintiff. The effect of the injunction as granted is to destroy this residential section. Many thousands of dollars have been expended upon the basis of it, and investments for homes have been made because of it. The benefit to the plaintiff through the enforcement of its rights would be insignificant, compared to the loss to the defendant and others. In such case, equity should not give all the relief sought. (*McClure* v. *Leaycraft*, 183 N. Y. 36, 41; 32 C. J. 77.) Under the relief proposed by this court, plaintiff may have the use of the streets as other owners in Sea Gate, and such damages as may flow from the limitation of its easement, while defendant and those associated with it will not lose the benefit of their community proposition. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur. Settle order on notice.