ERIT REALTY CORPORATION, Appellant, *v.* SEA GATE ASSOCIATION, Respondent. (" Beach " Action.)

Second Department, December 31, 1931.

*Harry L. Kreeger* [*William Roth* with him on the brief], for the appellant.

*Meier Steinbrink* [*Harold M. Kennedy* and *Benjamin Heller* with him on the brief], for the respondent.

PER CURIAM. The words " Beach Reservation " on the Voorhies map mean that the beach is reserved for the use of those who bought land from the owner of the tract to be reached by the streets shown upon the map. The black line on the map, which defendant claims was intended to indicate a " blocking off " of the beach from the upland, was intended only to mark the limit of upland ownership, as indicated by the use of the words " North Line of Beach Reservation." The testimony of Mr. Voorhies, that at the time the map was made there were at the foot of each street running to the " Beach Reservation " wooden steps to the " Beach Reservation," shows the existence of physical conditions supporting the map implications. Such facts may be shown to support map implications as they have been held to limit such implications. (*Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52.) The discussions leading up to the drawing of Exhibit 4 by the directors of the Norton Point Land Company clearly demonstrate that the " Beach Reservation " was intended for the use of the residents of Sea Gate. The testimony in this connection was not considered by the Special Term, but was properly admissible as some proof of the meaning of the map. But without this proof there is ample to justify the conclusion that plaintiff is entitled to use of the " Beach Reservation " to the same extent that it is entitled to the use of the streets of Sea Gate. While in its complaint in the prior action plaintiff asserted rights in and to the beach, the court expressly held that such rights were not involved in the litigation. In that litigation, defendant vigorously opposed any findings with reference to the beach. It cannot now be heard to say that the prior adjudication is a bar to this action upon the ground that the beach rights might have been determined in the prior action.

The judgment should be reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, restraining defendant from interfering with plaintiff and those holding

under it in entering in and upon the " Beach Reservation," subject to the reasonable rules and regulations of defendant whereby those having the right to enter the " Beach Reservation " may be identified.

LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and TOMPKINS, JJ., concur.

Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, restraining defendant from interfering with plaintiff and those holding under it in entering in and upon the " Beach Reservation," subject to the reasonable rules and regulations of defendant whereby those having the right to enter the " Beach Reservation " may be identified. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.