THE SEA GATE ASSOCIATION, Plaintiff, *v.* SEA GATE TENANTS ASSOCIATION, etc., and Others, Defendants.

Supreme Court, Special Term, Kings County, June 29, 1938.

*David Finkelstein*, for the plaintiff.

*Morris Shapiro*, for the defendants.

*Nathaniel H. James,* for the International Juridical Association, *amicus curiæ.*

*Samuel Slaff,* for the Workers' Defense League, *amicus curiæ.*

*Osmond K. Fraenkel,* for the American Civil Liberties Union, *amicus curiæ.*

FROESSEL, J.   The plaintiff, a membership corporation organized and existing under the laws of the State of New York since 1899, moves for a temporary injunction against the defendants, restraining them, their officers, directors, committees, agents and employees, etc., from picketing, parading, marching, patrolling, assembling, carrying signs or placards, and in any manner whatsoever obstructing the properties, streets, sidewalks and approaches in, of and to the *private* community of Sea Gate, and for certain other relief set forth in the order to show cause.

Plaintiff's application rests upon the theory that the Sea Gate Association has the power to enact rules and regulations within the community to preserve the essential character of the whole property as a private residential colony.   The contentions advanced by the defendants rest upon the assumption that the streets within Sea Gate are like ordinary, city-owned *public* streets, thus ignoring the repeated declarations by the courts to the contrary.   (*Biggs* v. *Sea Gate Assn.,* 211 N. Y. 482, 486; *Drabinsky* v. *Sea Gate Assn.,* 121 Misc. 195 [per BENEDICT, J.]; affd., 209 App. Div. 827; modfd., 239 N. Y. 321; *Erit Realty Corp.* v. *Sea Gate Assn.,* 223 App. Div. 768; affd., 249 N. Y. 52; reargument denied, Id. 417; S. C., 234 App. Div. 196; affd., 259 N. Y. 466; S. C., 234 App. Div. 888; *Tennenbaum* v. *Sea Gate Assn.,* 253 id. 166; *Blum* v. *Sea Gate Assn.,* Id. 172.)

Two of the rules which the association has prescribed are involved herein.   The first is that which provides for the imposition of a seasonal beach charge of five dollars per person, which was an increase of two dollars over the charge of the previous year.   This is not attacked as unreasonable, as indeed it could hardly be, in view of its clear justification as providing " a contributive share of the cost " of the beach services furnished by the plaintiff association.   (*Tennenbaum* v. *Sea Gate Assn., supra,* at p. 168.)   As was established by that case: " The defendant owns the fee to the streets and to the beach, and supplies most of the services usually supplied in public communities by a municipality, such as sewage and garbage disposal, policing, etc."   The second rule, and the one which is directly in question, reads that " Picketing, parading, marching, patrolling, assembling, the carrying of signs or placards,

and in any manner whatsoever obstructing the properties, streets, sidewalks and approaches to and of the private community of Sea Gate are absolutely prohibited."

The defendants who are charged with the violation of the latter rule are in the main tenants of rooms or apartments in Sea Gate. They are charged with intimidation and coercion, placing pickets, in number up to eight or nine, on each side of particular streets within the area of Sea Gate and about plaintiff's office, carrying placards bearing "false insinuations and malicious utterances," and issuing false and inflammatory circulars. Moreover, it is urged by plaintiff that the picketing by the defendants tends to destroy the renting season values of the Sea Gate property owners, many of whom are members of the association, and that plaintiff's rules against such picketing, etc., is a reasonable regulation. Defendants, on the other hand, admit picketing, claim that the placards were "truthful and sober in language and text" in protest against the five dollars beach charge, and contend that their acts were lawful. They urge that the rule and injunction for the breach thereof would violate their constitutional rights.

I am of the opinion that the arguments of the defendants are severely strained, not alone because they are exaggerated, but because they disregard the fact that it is not *public* rights which are involved, but the rights of *private* owners in a *private* community, with the right of reasonable restriction of the use of the private streets therein, as established by the foregoing cases.

Concededly, no labor dispute of any kind is involved. The law of this State sanctions peaceful picketing in public places, but counsel have submitted no authorities, nor has the court been able to discover any, authorizing picketing in non-labor disputes upon private property of the character involved herein.

The claim that the plaintiff association may not adopt rules governing residents within its private community consistent with the broad purposes expressed in its charter granted by the State, and its particular situation hereinbefore referred to, because the State itself could not adopt such rules in the form of statutes affecting the public at large in the public streets, has no force. As well might it be argued that a hotel, a club or any other organization, or a private individual, may not make rules governing the use and conduct of his own private property and grounds, and roadways within.

Accordingly, I conclude that the rule in question in this case is reasonable, that upon the showing before me it has been breached, that the continuance of this breach has been threatened, and under

all the circumstances plaintiff is entitled to an injunction *pendente lite* restraining the defendants, etc., from in any manner directly or indirectly violating the rule and regulation aforesaid.

Undertaking to be furnished in the sum of $1,000. Settle order on notice Friday, July 1, 1938, at ten-thirty A. M.