Samuel Rabin, J.
This is an action for a declaratory judgment by the plaintiff, a co-operative corporation duly organized under the Cooperative Corporations Law of the State of New York, to declare the rights of the plaintiff and the defendants, two of its stockholders and occupants of apartments as such, in one of the apartment buildings owned by the plaintiff with respect to a resolution passed by the plaintiff’s board of directors, effective June 1,1954, pursuant to which stockholders desiring to install and use a clothes washing machine in the respective apartments are required to enter into an agreement with the plaintiff for such privilege and to pay the sum of $2 a month therefor, which sum is to include the cost of a comprehensive personal liability insurance policy.
The facts as stipulated on the record show that of the $2 charged $1 was for the policy of liability insurance and the other for the additional maintenance such as cleaning of drains and pipes by reason of the use of detergents in the washing machines.
*754 The defendants challenged the right of plaintiff’s board of directors to pass such a resolution and installed washing machinéis without first entering into the agreement with the plaintiff, which thereupon notified the defendants that the installation and use of washing machines in their respective apartments was a violation of their occupancy agreement and their occupancy would, accordingly, expire on October 31, 1954.
The court finds that the board of directors of the plaintiff was vested with ample authority under its certificate of incorporation, by-laws and occupancy agreement to adopt the resolution in question and to enforce it: that it deemed such resolution and charge imposed therein necessary and reasonable to meet the expenses contemplated or actually incurred by the use of the washing machines of tenants wishing to install them; that 'such resolution under the circumstances was not oppressive, arbitrary or otherwise illegal hut was a valid exercise by the corporate directors of their business judgment not amounting in any sense to fraud or conduct so oppressive as to be the ■equivalent of fraud and warrant judicial interference with the internal management of a corporation (Herlart Inc. v. Storer, 283 App. Div. 1015.)
Judgment will accordingly be entered declaring the right of the plaintiff to pass and enforce the resolution set forth in the complaint, and that the defendants as stockholders of the plaintiff and occupants of apartments in its building in which they have installed washing machines are required to adhere to ■and abide by said resolution.
Settle judgment, without costs, accordingly.