James D. Hopkins, J.
This action brought by a co-operative housing corporation against three of its stockholder members who are tenants in an apartment house owned by the plaintiff was tried without a jury on a stipulation of facts. The action seeks to recover charges imposed by the plaintiff’s board of directors for the maintenance of a washing machine within the dwelling unit occupied by each of the defendants, together with a “late” charge prescribed by resolution of the board of directors for failure by the defendants to pay the maintenance charge for the washing machines.
The plaintiff is a corporation organized under the Cooperative Corporations Law. Each of the defendants entered into an occupancy agreement with the plaintiff at the time he became a stockholder member of the plaintiff and a tenant in plaintiff’s apartment house. That occupancy agreement provided, among other things, that each defendant had purchased certain stock of the plaintiff for a consideration, and that “ subject to the provisions of this Agreement, and of the By-Laws, and in consideration of the purchase price hereinabove set forth ’ ’, the plaintiff leased to the defendant ‘1 a right of occupancy ” of a certain dwelling unit. The occupancy agreement further provided that “ the right of occupancy * * * is delivered sub *493 ject to the terms and conditions hereinafter set forth, to the Certificate of Incorporation and the By-Laws of the Corporation, and any rules and regulations promulgated by the Corporation ”. It was agreed that the member might occupy the dwelling unit as a private dwelling and enjoy its use “ so long as he continues to own all the shares of the common stock issued to him, occupies the dwelling and abides by the terms of this Agreement”. The plaintiff agreed to provide necessary management, operation and administration of the project; the defendants agreed to replace all appliances and fixtures, and not to make any structural alteration or in water or plumbing or other fixtures or replacements without the written consent of the plaintiff. The plaintiff is given the right to terminate the agreement in the event of certain happenings, one of which is the default by the defendants of the performance of any covenant or provisions of the occupancy agreement, or of the payment of any sum due to the plaintiff, and the plaintiff may institute summary proceedings to repossess the dwelling unit upon such termination of the agreement. Lastly, the defendants covenanted to “ preserve and promote the mutual ownership principles on which the Corporation has been founded, abide by the Certificate of Incorporation, By-Laws, rules and regulations of the Corporation, and by his acts of cooperation with its other members bring about for himself and his co-members a high standard in home and community conditions,” and by still another provision, that “ he will abide by all the provisions of said Certificate of Incorporation, By-Laws, rules and regulations and any amendments thereto ”.
The occupancy agreement made no reference to the use of a washing machine, as such, by the defendants. However, when the defendants moved into their respective apartments in early 1952, each installed a washing machine after having received oral permission, and each has continued to make use of his washing machine; in the case of the defendant Gwertzman a payment of $40 was made to the plaintiff for certain alterations in his apartment to accommodate the washing machine.
In early 1955 the plaintiff adopted a regulation prohibiting future installations of washing machines in any apartment. Later, in May, 1955, the plaintiff adopted a regulation imposing a $2 monthly charge for the use of washing machines previously installed. Prior to this time, in March, 1955, the board of directors of plaintiff adopted a resolution imposing a late charge of $2 for each month that a member might be in default in payment of any sum due to the plaintiff. The defendants have not paid the monthly maintenance charge, claiming that it and the *494 “ late ” charge are unreasonable and may not be applied against them by reason of their vested rights acquired prior to the adoption of the plaintiff’s regulations with respect to the use of washing machines.
This action, based on the construction of the relative rights and liabilities of a cooperative housing corporation and its members, has little precedent in this State. Sparse are the cases treating of the relationship between such a corporation and its member tenants; an inquiry must therefore be directed toward the statutory provisions authorizing the organization of the plaintiff, and such analogies as are apposite in the law of cognate corporate structures, such as stock and membership corporations, and benevolent orders.
The Cooperative Corporations Law was extensively revised in 1951 (L. 1951, ch. 712). A co-operative corporation is defined to be a corporation ‘1 for the cooperative rendering of mutual help and service ”, and “ classed as a non-profit corporation, since its primary object is not to make profits for itself as such, or to pay dividends on invested capital, but to provide service and means whereby its members may have the economic advantage of cooperative action, including a reasonable and fair return for their product and service ” (Cooperative Corporations Law, § 3, subds. [c], fd]). It is empowered to state in its certificate of incorporation, by-laws or member contracts, the obligations and relative rights of its members, to make general rules as to the property of the corporation, and to adopt and amend by-laws, ‘1 consistent with law ’ ’, relative to such subjects, and the 1 ‘ fixing of procedures and liabilities in case of violations of the by-laws or of the obligations of members, officers, or directors ” (§14, subds. [h], [i]). The by-laws may be amended by the board of directors, subject to disaffirmance by the members (§ 16).
The relationship between the plaintiff and the defendants, including their obligations toward one another, is embodied in the certificate of incorporation, the by-laws, the rules and regulations, and the member contracts, not only by the express provisions of the occupancy agreement, but also by operation of law (Cabana v. Holstein-Friesian Assn., 196 App. Div. 842, 847; Thompson v. Wyandanch Club, 70 Misc. 299; Stein v. Marks, 44 Misc. 140), provided that the laws of the State are not thereby infringed (Kent v. Quicksilver Min. Co., 78 N. Y. 159). Indeed, the statute itself stipulates that the power to make by-laws must be exercised ‘‘ consistent with law” (Cooperative Corporations Law, § 14, subd. [i]), which has been construed in relation to other statutes governing corporate *495 management to mean decisional law as well as statute law (Raub v. Gerken, 127 App. Div. 42, 44; cf. Kent v. Quicksilver Min. Co., supra, p. 182).
Thus, it has been said that by-laws of a corporation must be reasonable and fair (Matter of Flushing Hosp. & Dispensary, 27 N. Y. S. 2d 207, affd. 262 App. Div. 749, mod. on other grounds 288 N. Y. 125; Stein v. Marks, 44 Misc. 140, supra), and it has been held in a classic case that a by-law which disturbs a vested right is ipso facto not reasonable, even though the power to change the by-laws has been reserved (Kent v. Quicksilver Min. Co., supra, p. 183; see Packel, Law of Cooperatives [1st ed.], 65). The defendants concede that the regulation prohibiting the prospective use of washing machines is reasonable, and our courts have recently held that it is reasonable to impose charges on the use of a washing machine in a co-operatively owned apartment (Forest Park Co-op. v. Hellman, 2 Misc 2d 183; Hilltop Vil. Co-op. v. Wolman, 13 Misc 2d 753). In these cases, however, it appeared that the defendants had known of the regulation before taking occupancy.
The determination here, therefore, rests on whether the defendants had a vested right to the use of their washing machines which a subsequently adopted regulation could not disturb. The business judgment of the board of directors is not challenged, and it will be assumed that its action was taken with a due regard for the interests of the corporation and its members, as was its duty (Matter of Flushing Hosp. & Dispensary, 288 N. Y. 125, 132, supra). The relation between the plaintiff and its members is fiduciary in nature (Rhodes v. Little Falls Dairy Co., 230 App. Div. 571, affd. 256 N. Y. 559; 43 C. J. S., Industrial Co-operative Societies, § 7, p. 14 et seq.), and the board of directors were bound, on one hand, to manage the affairs of the plaintiff so as to carry out its purposes to house its members in a comfortable and efficient manner, and on the other hand, to treat its individual members in a fair and equal way. The defendants, too, had the correlative duty to recognize that the co-operative enterprise must be conducted with the objective of securing the greatest good for the benefit of the membership. Undoubtedly, the use of washing machines in apartments would have the tendency to consume greater quantities of water, to affect the plumbing fixtures in the building, and to create noise and vibration which might annoy adjoining tenants. These considerations might have been the motivation for the decision of the board of directors in prohibiting further use of washing machines, and laying a charge for their continued use. On the ground alone, accordingly, that no vested *496 right could have been acquired by the defendants for the use of such an appliance in an apartment house owned and occupied co-operatively, and where the rights of enjoyment by tenant members must be exercised in the light of mutual benefit and understanding, the determination that the charge of $2 monthly might validly be made for the continued use of washing machines could be placed. Certainly, it is implicit from the law, the occupancy agreement, and the relations of the parties that a spirit of co-operation was the keynote of the defendants’ tenancies, which they enjoyed in common with their neighbors, subject to rules applying to all.
In addition, however, it is my opinion that a permission to install a washing machine, as here stipulated, does not give rise to a vested right. Even a landlord under a conventional lease arrangement may enforce reasonable regulations for use of the premises (Dougherty & Seaside Trading Co. v. Rockaway Operating Co., 163 Misc. 806, 810), and it has been pointed out that a. regulation does not have the effect of a by-law — a regulation deals with problems relating to management of the property of the corporation, while a by-law deals with matters of corporate structure and machinery (Packel, Law of Cooperatives, 59, citing Sea Gate Assn. v. Sea Gate Tenants’ Assn., 168 Misc. 742). Generally speaking, a vested right is a property interest so substantial in character that its destruction or deprivation cannot be justified by the objectives in view (People v. Miller, 304 N. Y. 105, 108). Mo vested right may be bruit on a permission granted, just as no vested right is established under the enjoyment of a rule of law (Christie v. 46th St. Theatre Corp., 265 App. Div. 255, affd. 292 N. Y. 520, cert. denied 323 U. S. 710). The permission thus granted could be revised at any time. The conclusion that a vested right did not arise is reinforced by a consideration of the cases in which it was held that the by-law involved could not invade the prior right of a stockholder. These cases concern either property rights in stock as :in Kent v. Quicksilver Min. Co. (78 N. Y. 159, supra) or the .-manner of voting stock as in Matter of American Fibre Chair Seat Corp. (241 App. Div. 532, affd. 265 N. Y. 416) or rights :under policies issued by the corporation, as in Rockwell v. Knights Templars & Masonic Mut. Aid Assn. (134 App. Div. 736) or a change in the manner of terminating property rights .as in Tompkins v. Hale (172 Misc. 1071, affd. 259 App. Div. 860, affd. 284 N. Y. 675). In no case was the vested right constituted •of less than a substantial property right based on a contract.
The monthly charge of $2 for the washing machines may Therefore be enforced against the defendants. I do not reach *497 the same conclusion concerning the late charge of $2. In the first instance, a corporation cannot impose an assessment or fine for a violation of its by-laws (Monroe Dairy Assn. v. Webb, 40 App. Div. 49; Merchants Ladies Garment Assn. v. Schwartz, 152 Misc. 130), unless it is expressly authorized by statute (Johnstown Cemetery Assn. v. Parker, 45 App. Div. 55). A co-operative corporation may by direct statutory sanction fix a liability for a violation of a by-law (Cooperative Corporations Law, $ 14, subd. [i]). But such a by-law must be reasonable (Monroe Dairy Assn. v. Webb, supra; Thompson v. Wyandanch Club, 70 Misc. 299, supra). A charge equal to 100% of the payment in default cannot be sustained as a reasonable amount in proportion to the cost or other loss which might be incurred by the default or the process of collection; it is rather confiscatory in character, and may not be enforced. It is doubtful, too, whether the board of directors intended the late charge to apply. to nonpayment of the maintenance charge for the use of washing machines, since the resolution of the board as to the former antedates the regulation requiring payment of the latter. It is noted that the defendants owe no other sum to the plaintiff save the maintenance charges which they contested in this action.
One defense raised by the defendant Salatino remains to be considered. It is his claim that this action is barred by a prior adjudication in a summary proceeding brought by the plaintiff in the City Court of Mount Vernon, whereby the proceeding was dismissed.
That proceeding was decided without an opinion as to the reasons for the dismissal in favor of the defendant. A summary proceeding is statutory in its origin, and seeks primarily the possession of leased premises; here the plaintiff seeks recovery of a debt ex contractu. A final order in a summary proceeding does not necessarily decide the amount of rent due (Marx v. Commerce Realty Corp., 199 Misc. 384; Witt-Stuart Realty Corp. v. Mantell, 155 Misc. 165); that relief is incidental to the question of possession. The prior proceeding is accordingly dissimilar to the present action, and it is the well-established principle that when the actions are not identical as to their nature or objectives, a prior adjudication as to one does not act as an estoppel to the second, even though the parties are identical (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307; Cook v. Conners, 215 N. Y. 175, 178; Lord v. Sonsire, 239 App. Div. 323). It is conclusive only as to the point finally decided, that is, that the defendants could not be ousted by summary proceedings from their dwelling units for their failure to pay the maintenance charge. As Judge Cabdozo *498 said in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (supra, p. 308): “The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second ”. It is clear that, regardless of the result of this action, the defendants will continue to reside under their agreement with the plaintiff in the dwelling unit described therein, and that this action determines only a personal liability for a maintenance charge so long as the defendants continue to use their washing machines. The defense of res judicata is therefore not a bar to the present action.
Judgment is therefore directed in favor of the plaintiffs, limited to the recovery of the maintenance charges set forth in the complaint. This opinion may be considered the decision of the court under section 440 of the Civil Practice Act.