Michael A. Castaldi, J.
This is an action by plaintiff, a co-operative corporation, for a judgment declaring as valid a certain resolution adopted by plaintiff requiring all tenant shareholders to replace the refrigerators in their apartments *276 if the refrigerators are more than 12 years old. Plaintiff also asks for judgment specifically directing the defendant tenant-shareholder to replace the refrigerator now inz her apartment with a new refrigerator at least equal in quality, size and model.
In essence, defendant contends that the resolution here involved constitutes an unreasonable and unauthorized exercise of power by the plaintiff.
Plaintiff is a nonprofit co-operative housing corporation known as a “ 213 ” co-operative. The corporation was organized pursuant to section 213 of title 2 of the National Housing Act (U. S. Code, tit. 12, § 1715e) and amendments thereto. Under the applicable provisions of law the Federal Housing Administration insures the repayment of the moneys advanced to plaintiff for the construction of its buildings.
Plaintiff has 97 apartments, of which defendant occupies one, as a tenant or member-shareholder. This is pursuant to an occupancy agreement. Under the agreement, the shareholder assumes the obligation to comply with any rules and regulations adopted by the co-opérative. At a meeting of the board of directors of the co-operative held on November 13, 1964, the subject resolution directing the replacement of 12-year-old refrigerators was adopted by an indicated vote of 13 in favor and 1 opposed. The defendant, who was secretary of the meeting, testified that she cast the opposing vote. There is contrary testimony that the dissenting vote was cast by a. Mr. Kerr. However, this conflict of testimony does not affect the court’s ultimate determination herein. At the same meeting, another resolution was unanimously adopted whereby a tenant shareholder who had purchased a new refrigerator and thereafter left the apartment for any reason whatsoever would be paid the cost of the refrigerator less a depreciated value of 1% per month. This would apply if the co-operative exercised its option to purchase the shares of the particular vacating tenant. It appears that with the exception of defendant and three other shareholders, all of the other tenant-shareholders have replaced their refrigerators pursuant to the resolution of November 13, 1964. It may be here pointed out that the refrigerator in defendant’s apartment has been there since at least 1954.
One of the issues raised at the trial was whether replacement of a refrigerator was an obligation of the tenant or the co-operative. This court construes article 11 of the occupancy agreement, especially when considered in the light of the testimony adduced at the trial, to mean that the tenants shall replace refrigerators, and the repairs and maintenance thereof are the obligation of the co-operative. This conclusion is reinforced *277 by the very language of the minutes of the board’s meeting of November 13, 1964 that ‘ ‘ Article 11 * * * provides that the tenant shareholder shall replace the electric refrigerator in the tenant shareholder’s apartment.”
It is undisputed that the Board of Directors of the plaintiff corporation is vested with the power to manage and operate the co-operative housing project. To that end the directors may adopt all necessary rules and regulations to carry out the purposes of the co-operative, to house its members in a comfortable and efficient manner and to treat its tenant shareholders fairly and equally. The question here presented is not one of power but whether the particular resolution is reasonable. (Opoliner v. Joint Queensview Housing Enterprise, 11 A D 2d 1076; Justice Ct. Mut. Housing Co-op. v. Sandow, 50 Misc 2d 541.)
Seemingly, there is no decision that deals squarely with the right of a co-operative housing corporation to enact a regulation requiring tenants to replace electric appliances after a stated period of years. As pointed out by Mr. Justice Shapiro in Sandow (supra), most cases treat with the right of co-operatives to ban or restrict dogs or other animals (Knolls Co-op. Section No. II v. Cashman, 19 A D 2d 789, affd. 14 N Y 2d 579) or to ban the use of washing machines (Vernon Manor Co-op. Apts., Section I v. Salatino, 15 Misc 2d 491; Hilltop Vil. Co-op. No. 4 v. Wolman, 13 Misc 2d 753; Forest Park Co-op. v. Hellman, 2 Misc 2d 183).
However, after a careful consideration of the rationale expressed in the existing decisional law, as applied to the facts in the case at bar, this court holds that the subject resolution or regulation meets the test of reasonableness. The court finds:
(1) The useful life of a refrigerator is an estimated 12 years.
(2) A refrigerator which has been in use for over 12 years may bring about increased expenses by the co-operative for repairs and maintenance. To meet this problem and to balance the equities involved, the plaintiff co-operative adopted the rule requiring replacement but also provided that a credit be allowed to tenants who had purchased new refrigerators and who thereafter left the co-operative. Apparently, it was the view of the co-operative that in the long run it would be more efficient and economical to require the individual tenants to purchase new refrigerators than to have the tenants pay, through the corporation, increased expenses for repairs. Hence, there is no penalty assessed against the tenant nor is the resolution in anywise confiscatory.
*278 (3) By the resolution directing replacement, all tenant shareholders are treated equally and no one is entitled to any advantage over the other.
To the foregoing the court would add that, in testing the reasonableness of the resolution here in issue, it is not required “to determine in each case whether a particular appliance [refrigerator] functions in such a way as to be detrimental to the corporation or any of its members. This is the function of the management of the corporation and not the court.” (McCorkle Co-op. Apts. v. Cohen, N. Y. L. J., Feb. 24, 1965, p. 20, col. 1.)
Of particular application to the case at bar is the holding of the court in Hilltop Vil. Co-op. No. 4 v. Wolman (supra, p. 754), wherein the court sustained a charge for the installation and use of a washing machine, and stated: ‘ ‘ such resolution under the circumstances was not oppressive, arbitrary or otherwise illegal but was a valid exercise by the corporate directors of their business judgment not amounting in any sense to fraud or conduct so oppressive as to be the equivalent of fraud and warrant judicial interference with the internal management of a corporation (Herlat Inc. v. Storer, 283 App. Div. 1015).” (See, also, Mitchell Gardens No. 3 Co-op. Corp. v. Bloom, N. Y. L. J., Sept. 4, 1958, p. 11, col. 3, and McCorkle Co-op. Apts. v. Cohen, supra.)
■ Plaintiff is entitled to judgment as prayed for in the complaint.