Dudley, P. J.
(dissenting). The majority views this surcharge as "interest,” which they have determined is "confiscatory in nature and therefore unenforceable” due to public policy against usury and the decision in Vernon Manor Co-op. Apts., Section I v Salatino (15 Misc 2d 491) is cited as authority.
I find no reason for reference to the usury statute and it does appear that the circumstances in Vernon (supra) are distinguishable. The issue now before us — whether this surcharge for delinquent payment of rent is valid — was not an issue in the Vernon case. In that case (p 493), the board of directors adopted a resolution imposing upon the stockholders a $2 monthly charge for the late payment "of any sum due to the [corporation].” There was no issue of rent default as the only sum due was payment of a monthly charge for installations of washing machines which the shareholders refused to pay. It was held that they were obliged to pay $2 per month for use of their washing machines — that charge being found to be reasonable and valid. However, the $2 monthly late charge *805 was held not applicable to the maintenance charge for washing machines. Further, the court ruled (p 497) that if it was the intent of the corporation to make it applicable then such "late charge” was confiscatory and unenforceable because it was "equal to 100% of payment in default” and was unreasonable. Clearly, we can see that in Vernon the corporation sought to impose a $2 "late charge” for every $2 of default. Such action is undoubtedly unreasonable and illegal.
However, that is not this case. Here, the shareholders met in assembly and voted to amend their own proprietary leases to impose upon themselves a 5% monthly charge on all rents due for more than two months. Their resolution was then adopted by the board of directors who declared all leases to be so amended. Therefore, unlike the facts in Vernon, we do not deal here with a rule, regulation or by-law, but with the terms of a contract — the proprietary lease. Shareholders have a right to modify the terms of a proprietary lease wherein they have " 'limited their respective rights and powers’ ” (Tompkins v Hale, 172 Misc 1071, 1073, affd 259 App Div 860, affd 284 NY 675). Thus, a co-op tenancy results from a special relationship between the parties (Penthouse Props, v 1158 Fifth Ave., 256 App Div 685) and where the public is not affected their agreements have been enforced even when there is a conflicting statutory standard (Clark v Dodge, 269 NY 410).
For example, it has been held that "the special nature of the ownership of co-operative apartment houses by tenant owners requires that they be not included in the general rule against restraint on the sale of stock in corporations organized for profit” (Penthouse Props, v 1158 Fifth Ave., supra, p 692). Nevertheless, the parties cannot by their agreements, leases, contracts, by-laws or other documents, violate the laws of this State (11 NY Jur, Co-Operatives, § 133). The majority holds that there has been a violation of law. I disagree.
To constitute usury (Penal Law, § 190.40), there must be either a loan or forebearance of money. "It is a fundamental doctrine governing the law of usury that the defense must be founded upon a loan or forbearance of money. If neither of these elements exists there can be no usury, however unconscionable the contract may be. The law declares that no one shall loan money, exacting for its use more than legal interest, or, having loaned money, he shall not exact a greater rate as a condition of postponing payment.” (Orvis v Curtiss, 157 NY 657, 661.)
*806 Consequently, to support the majority view there must exist in this case, a lender and a borrower, with the sole purpose of transacting a money proposition in violation of the usury law. I am unable to find that such circumstances exist. Here, we have a surcharge on unpaid rent voluntarily offered by the shareholders and ratified by the board of directors. This action, whatever the rate, does not affect the public and violates no law.
It is noted that rent has been in default since October 1, 1973 and consequently the corporation pursuant to the terms of the proprietary lease has terminated the tenancy herein since January 21, 1975. However, the trial court only directed final judgment of possession in favor of the corporation after tenant failed to obey a court order requiring rent to be paid. There is no equitable grounds to now relieve tenant from such a default.
I would affirm the judgment below.
Fine and Frank, JJ., concur in Per Curiam opinion; Dudley, P. J., dissents in memorandum.