■ BAY RIDGE AIR RIGHTS, INC., Appellant, v NOLASCA ORDONEZ, Respondent.—In an action, *inter alia,* for a judgment declaring that plaintiff had the right and power to enact and enforce its rule prohibiting the shareholder-tenants from placing washing machines in their apartments, and to permanently enjoin defendant-respondent from keeping and maintaining a clothes washing machine in her apartment, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 12, 1976, which denied its motion to strike defendant's answer and for summary judgment. Order affirmed, with $50 costs and disbursements. Plaintiff is a nonprofit housing co-operative in which defendant is a shareholder-tenant. The occupancy agreement, dated April 24, 1973, between plaintiff (by its managing agent) and defendant contains "Rule and Regulation No. 6", which provides: "No dishwashing machines, *clothes washing machines,* clothes drying machines, electric stoves, freezing units or air conditioning units shall be placed in the demised premises *without the prior written consent of Company"* (emphasis supplied). Defendant avers that, at the time of the negotiations and prior to the signing of the occupancy and subscription agreements by the management, she told the office that she was allergic to soap and harsh detergents and had to wash her clothes with a special soap. She was told to write a letter asking for permission to have a washing machine and she agreed to pay a reasonable charge for its use. She wrote such a letter to plaintiff's managing agent; it was returned with the agent's approval marked thereon. Plaintiff claims, *inter alia,* that it did not authorize the consent; that the occupancy agreement could not be modified without the approval of the Commissioner of the New York State Division of Housing and Community Renewal; that, assuming, *arguendo,* permission had been granted, such permission was merely a license which it had revoked; that the occupancy agreement has terminated and has not been renewed; that defendant's washing machine violates provision No. 6 of the rules and regulations; and that her usage thereof subjects plaintiff's premises to damages. Defendant claims, *inter alia,* that she would not have become a shareholder-tenant and moved in were it not for the written

consent; that she has a vested right to use the machine in her apartment; that other tenants maintain dishwashers and washing machines; and that management itself has installed washing machines for the use of the tenants. In our opinion, there are triable issues of fact. We note, *inter alia,* that although plaintiff contends that the managing agent had no authority to approve the use of the machine, no contract between plaintiff and its managing agent was submitted. Further, it is not controverted that the managing agent had authority to enter into the occupancy agreement on behalf of plaintiff, which is a major responsibility. It would appear that if the agent had the authority to sign the occupancy agreement, it would have had the incidental authority to consent to the use of a washing machine, which consent is required by one of plaintiff's rules and regulations. At most, plaintiff's disclaimer of the managing agent's authority presents a question of fact. Further, it cannot be said that, as a matter of law, the consent was an illegal modification of plaintiff's occupancy agreement form, which form had been approved by the State Commissioner of Housing and Community Renewal. Rule 6 of the agreement expressly contains the words "without the prior written consent of Company" and thus recognizes that plaintiff has the power to grant such consent. We note that although plaintiff argues that the occupancy agreement had expired and has not been renewed, the agreement printed in the record on this appeal contains a blank space at the place provided for insertion of the termination date. Although plaintiff has cited a great many cases for the general proposition that a co-operative has the authority to enact and enforce rules against such things as the use of washing machines, the harboring of animals, etc., none of the cases contain the critical combination of elements present here, viz., that an express, written consent was executed contemporaneously with the occupancy agreement and that the tenant allegedly had a medical condition and would not have invested in the co-operative and moved in without such consent (cf. *Vernon Manor Co-op. Apts., Section I v Salatino,* 15 Misc 2d 491; *McCorkle Co-op. Apts. v Cohen,* NYLJ, Feb. 24, 1965, p 20, col 1). Thus there are triable issues of fact as to the circumstances under which the consent was granted and whether defendant would have made the investment and executed the agreement if she did not have the prior written consent. Finally, there is a triable issue of fact as to whether plaintiff's attempt to enforce the rule in question against defendant is discriminatory. Defendant has averred that other tenants have dishwashing machines; that the management itself maintains machines for the use of the tenants; and that plaintiff's action is the culmination of a policy of harassment (cf. *Brigham Park Coop. Apts., Section No: 2 v Krauss,* 21 NY2d 941). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.