## NEBENZAHL *v.* FARGO.

(*Common Pleas of New York City and County, General Term.* February 4, 1889.)

CARRIERS—OF GOODS—DELIVERY TO WRONG PERSON.

> An express company tendered a package to the consignee at her place of business, and she refused to accept it or pay the charges, on the ground that she had never authorized its purchase. Afterwards the consignee's daughter called at the express office, and ordered the package sent to her mother's place of business, but her authority was not shown. The package was taken back to the consignee's place of business, and delivered to one W , who was in the place of business, but no questions were asked as to his authority, and he receipted for the same in his own name. No authority in W. to accept the package for the consignee, or circumstances from which it might be inferred, was shown. *Held*, that the express company was liable to the consignor for its loss.

Appeal from Ninth district court.

Action by Isaac Nebenzahl against James C. Fargo, as president of the American Express Company, for damages for the loss of a certain package of goods delivered by plaintiff to the company at the city of New York, addressed to Mrs. C. P. Frankel, Saugerties, N. Y., for carriage and delivery as addressed. Mrs. Frankel testifies that she never ordered the goods, never received them, or knew of their delivery, and that she never gave authority to any person to order or receive them for her. The defendant's driver, who had been in its employ but four days, and had never previously been in the express business, testified that he tendered the package to Mrs. Frankel, and she refused to accept it; that he afterwards took the package to her store, and gave it to a man there, who he afterwards learned was Warschofsky; that he

received it, paid the expressage, and signed for it in his own name. He did not inquire for his authority to receive it, nor did he ask for Mrs. Frankel. The delivery was made in the day-time, and the package was a large one. The door between the store and the little building back of it, in which the Frankels lived, was open, and there were some ladies in there, who could see into the store. From a judgment for plaintiff, defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Hamilton Cole*, (*H. F. Hewson*, of counsel,) for appellant. *Klebisch & Marks*, (*M. L. Marks*, of counsel,) for respondent.

PER CURIAM. The plaintiff delivered to the defendants, an express company, a package addressed to Mrs. C. P. Frankel, Saugerties, N. Y., which they agreed to carry and safely deliver to her. The package was tendered by the defendants to Mrs. Frankel at her place of business, in Saugerties, and she refused to receive the same, or pay the expressage thereon, on the ground that she had not authorized the purchase of it. Afterwards a daughter of Mrs. Frankel went to defendant's office at Saugerties, and directed that the package be sent to her mother's place of business, but it is not shown that this was done by the authority of the mother. The defendant thereupon delivered the package at Mrs. Frankel's place of business, to one Warschofsky, without making any inquiry as to whether he was authorized to receive it for Mrs. Frankel. He receipted it in his own name, and not in hers. There is no evidence that Warschofsky was Mrs. Frankel's agent for that purpose, or that he was authorized to receive it for her; nor is there any evidence that he was in the store by Mrs. Frankel's authority; nor are there facts and circumstances shown from which the court was bound to infer that he was her agent. Where a common carrier delivers goods to a stranger without requiring evidence of identity, it is liable to the consignor for their value. *Price* v. *Railroad Co.*, 50 N. Y. 213. It is bound to deliver the goods to the consignee or his agent, and, if to the agent, it must be prepared to show the authority of the agent to receive it, if that is disputed. *Witbeck* v *Holland*, 45 N. Y. 18. It was in this case, and the justice was fully justified by the evidence in arriving at the conclusion he did upon that subject. The judgment must therefore be affirmed, with costs.