NEBENZAHL *v.* FARGO.

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

APPEAL—LEAVE TO APPEAL TO COURT OF APPEALS.

In an action against an express company by the sender of a package alleged to have been lost, for its value, it appeared that the package was tendered to the consignee, who refused it on the ground that she had not bought it. The consignee's daughter afterwards called at defendant's office, and directed the package to be sent to her mother's store. No authority in the daughter to give the order was shown. The package was then carried to the consignee's store, and delivered to one W., who was behind the counter, and appeared to be a clerk. W. receipted for the package in his own name. The consignee denied that W. had any authority to receive goods for her. It was held by the common pleas that the evidence was not sufficient to prove W. an agent of the consignee. *Held,* that leave to appeal to the court of appeals would be refused.

Motion for leave to appeal to the court of appeals. For former report, see 3 N. Y. Supp. 929.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Hamilton Cole,* (*H. F. Hewson,* of counsel,) for appellant. *Klebisch & Marks,* (*M. L. Marks,* of counsel,) for respondent.

PER CURIAM. It is not necessary to allow an appeal to the court of appeals for the purpose of obtaining the views of that court as to whether the fact that a man is behind the counter in a store, apparently doing the work of a clerk in the regular course of business, is not evidence that that man is in the employ of the owner of the store. There can be no doubt as to the opinion of the court of appeals on that subject. *Leslie* v. *Insurance Co.,* 63 N. Y. 27; *Svenson* v. *Steam-Ship Co.,* 57 N. Y. 108. The district court, and the former general term of this court, were of the opinion that the inference to be drawn from the presence of Warschofsky behind the counter of Mrs. Frankel's store (which, for aught that appears to the contrary, was without the knowledge or consent of Mrs. Frankel, and merely a momentary and accidental occurrence) was not sufficient to overthrow Mrs. Frankel's denial that she ever purchased the goods, or that she ever gave to any one authority to receive them. It was also proved that Mrs. Frankel refused to take the goods when they were tendered to her, and that Warschofsky signed the receipt to the express company in his own name, and not in the name of Mrs. Frankel; showing that he did not profess to act as her agent. It was not that no force or consideration was given to the presumption arising from the presence of Warschofsky behind the counter of Mrs. Frankel's store, but for the reason that the presumption was rebutted and overcome, that judgment against the express company was given. Leave to go to the court of appeals denied.