LEVY BROTHERS and Another, Plaintiffs, *v.* HYMAN KARP, Impleaded with Others, Defendants.

Supreme Court, Monroe County, October 13, 1924.

**Auctions — liability of auctioneer — action in conversion against auctioneer for sale of stolen property — auctioneer is agent and liable for wrongful acts without regard to intent — defense of good faith and ignorance of plaintiffs' ownership of goods unavailing to defendant and stricken out.**

An auctioneer is an agent and is liable as such for wrongful acts to third persons. If his principal has no title to the property put up for sale, the auctioneer, if a sale be made, is liable to the party having ownership of the property without regard to his intent or lack of knowledge in whom title lies.

Accordingly, a defense set up by defendant, an auctioneer, in an action for conversion for the sale of stolen property should be stricken out as insufficient, in law, though it alleges that said auctioneer acted in good faith in the regular course of his business and without knowledge of the ownership of the plaintiffs

Motion to strike out a defense.

*Isaac Adler,* for the plaintiffs, for the motion.

*H. & J. J. Lesser* for the defendants.

Rodenbeck, J.:

An auctioneer is an agent and as such is subject to the general rules relating to the liability of an agent for wrongful acts to third persons. That is the question of liability involved here where an auctioneer sold stolen property and is sued for conversion by the true owners. The defense set up is that he acted in good faith in the regular course of business without knowledge of the ownership of the plaintiffs. This is not a defense where the complaint alleges that the goods were stolen and sold by the defendant auctioneer and the proceeds disposed of. The true owner has been deprived of his property by theft and every person, whether called an agent or otherwise who participated in such act is a joint tort feasor. Here it is the agent as well as his larcenous principal who is liable. The principal had no title to the property and could confer none upon the auctioneer, nor authority to sell the goods. Both were without authority and the act of the auctioneer was a wrongful one. He cannot hide behind his agency. This neither increases nor decreases his liability nor varies the rule of law that every tort feasor is liable jointly and severally for his act. The claim that he acted in good faith is no excuse, nor that he acted in the usual course of business or innocently. If he has not had the foresight to protect himself when the goods were offered to him for sale, he must look to his principal for indemnity. His intent does not vary the rule of liability. An auctioneer must be on his guard against selling personal property for one merely having possession and not being the rightful owner. These rules are founded upon a wise public policy and are designed to discourage larceny and the reckless sale of personal property. They are well established by numerous text book writers and by many cases where the principles involved are substantially the same as in this case. (2 Mechem Agency [2d ed.], § 2345; Story Agency [9th ed.], § 312; Hart Auctioneers, p. 28; *Spraights* v. *Hawley,* 39 N. Y. 441, 447; *Hoffman* v. *Carow,* 20 Wend. 21; *Boyce* v. *Brockway,* 31 N. Y. 490; *Pease* v. *Smith,* 61 id. 477; *Knox* v. *Eden Musee Co.,* 148 id. 441; 2 C. J. 824; 13 L. R. A. 605; 50 id. 654.) The defense objected to is, therefore, insufficient in law and should be stricken out, with costs.