SAUL HERSCHENHART, Appellant, *v.* JOSEPH MEHLMAN and Others, Respondents.

Supreme Court, Appellate Term, Second Department, October 16, 1925.

Conversion — plaintiff left automobile in garage with unidentified agent and obtained receipt reciting said plaintiff's name and address — automobile subsequently sold for lien without notice to plaintiff as required by Lien Law, § 201 — person with whom plaintiff left automobile presumed to be agent for garage — subsequent purchasers of garage charged with knowledge of facts possessed by prior owners — plaintiff may recover for conversion.

Defendants, purchasers of a garage business from a copartnership, in whose garage plaintiff left his automobile for storage with an unidentified person, presumed to be an agent of said copartnership with authority to accept said automobile for storage, who gave plaintiff a receipt containing his name and address, are liable to said plaintiff for damages for conversion of said automobile, where it appears that said automobile was sold under a lien without giving to the plaintiff the notice required by section 201 of the Lien Law, since, upon the purchase of the garage, said defendants became subject to the responsibilities and rights of the copartnership and were charged with the knowledge of the facts which said copartnership possessed.

Moreover, when said copartnership delivered the automobile to the defendants, the members thereof were guilty of conversion for failure to give notice to the plaintiff, as required by section 201 of the Lien Law, predicated upon the knowledge which said copartnership presumptively had.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Third District.

*Samuel Friedlander,* for the appellant.

*Philip S. Glickman,* for the respondents.

PER CURIAM:

Judgment unanimously reversed upon the law and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

When the plaintiff left his automobile in the garage then owned by Gottlieb & Silver, with a person unidentified, the presumption is that that person was the agent of Gottlieb & Silver and was authorized to accept such car for storage. (*Nebenzahl* v. *Fargo,* 15 Daly, 130; 4 N. Y. Supp. 554; *Dunn* v. *Star Fire Ins. Co.,* 19 Wkly. Dig. 531; *Norris* v. *Kohler,* 41 N. Y. 42; Wood Mast. & Serv. 584.) It appears that plaintiff obtained from that person a receipt which shows the plaintiff's address to be 380 Hooper street. When the automobile was sold for the lien, notice was required to be given in accordance with section 201 of the Lien Law. Notice was given to a concern in Philadelphia and not to the plaintiff. This was not a compliance with section 201, since, as appears by the receipt, the plaintiff had given his name and address when he left the car at the garage. When Gottlieb & Silver disposed of the garage and delivered the car to a third person, they were guilty of conversion, for the vendees failed to give the notice required under section 201, based upon the knowledge which Gottlieb & Silver presumptively had and judgment should have gone against Gottlieb for the value of the car. When Mehlman and his partner took over the automobile on the purchase of the garage they took the automobile with the rights of Gottlieb & Silver and subject to their responsibilities. (*Austin* v. *Dye,* 46 N. Y. 500.) When they proceeded to a sale of the automobile under the Lien Law they were charged with the knowledge of the facts which Gottlieb & Silver had and if they were not acquainted with the actual facts and proceeded in disregard thereof, they rendered themselves liable in conversion.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.