PHYSICIANS DIAGNOSTIC LABORATORY, INC., Plaintiff, *v.* PENTHOUSE BUILDINGS, INC., Defendant.

Supreme Court, Special Term, New York County, May 15, 1946.

*Wm. Francis Corson* and *Daniel F. Cohalan, Jr.,* for plaintiff. *Ducker & Feldman* for defendant.

MILLER, J. The complaint alleges that defendant has taken the position that plaintiff's lease is at an end and threatens to regain possession. No steps, however, have been taken by defendant to oust plaintiff, either by peaceful re-entry or by summary proceeding, and there is no way of ascertaining when, if ever, defendant will act and in what manner. Plaintiff denies that the grounds upon which defendant predicates its claim of termination of the lease are valid. The court may take judicial notice that under present conditions it is imperative that plaintiff obtain as early an adjudication of its rights as possible so that, if the determination be unfavorable to plaintiff, it may have as much time as possible to seek other quarters for its business. In the circumstances, a proper case for maintaining an action for a declaratory judgment has been alleged. Plaintiff's remedies under " existing forms of actions " (Rules Civ. Prac., rule 212) are not adequate, particularly under conditions now prevailing, and even if they were, the court would nevertheless possess discretion to entertain the action

(Borchard on Declaratory Judgments [2d ed.], p. 626; *Woollard v. Schaffer Stores Co.*, 272 N. Y. 304, 311-312). The question of whether the ultimate determination of the rights of the parties should be in favor of the plaintiff or for the defendant is not presented by a motion of this character, which raises only the issue whether plaintiff is entitled to seek a declaratory judgment.

The motion to dismiss is denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.