Samuel Rabin, J.
Motion by plaintiffs for a temporary injunction restraining the defendants from commencing summary proceedings against the plaintiffs or their subtenant and from interfering with the enjoyment of possession of certain premises. Cross motion by defendants to dismiss the complaint for legal insufficiency.
Prior to the return day of the above motions defendants commenced a summary proceeding in the District Court of Nassau County and plaintiffs have now also moved for an order consolidating said summary proceedings with this action which was brought to obtain a judgment declaring the rights of the parties under a certain lease.
In 1951 the defendant Masiello made a lease to plaintiffs’ predecessors of certain land in Westbury for a term expiring in 1986. The premises are approximately 60 feet wide fronting on Old Country Boad by 151 feet deep along Manhattan Avenue. After plaintiffs acquired the leasehold interest by assignment they erected a one-story building and sublet the premises for a term expiring in 1971. The subtenant further improved the property and now conducts a restaurant there. The prime lease contains a provision that it shall become null and void at the option of the landlord if ‘ ‘ the land whereon said building stand [sic] or any part thereof be condemned for public use * *
On November 27, 1956 the County of Nassau condemned a three-foot, six-inch strip along the front of said premises. On December 21, 1956 the defendant Masiello conveyed the property to the defendants Crispo. On December 26,1956 the defendants Crispo notified the plaintiffs that they were the owners of the property and that they elected to cancel the lease pursuant to the option therein contained by reason of the condemnation proceeding. Plaintiffs allege that prior to the conveyance to the defendants Crispo, defendant Masiello elected not to exercise the option to cancel, and that the property taken by condemnation was inconsequential.
*338 Actions for declaratory judgments are not available as a matter of right but rest in the discretion of the court. While the court need not decline to entertain such a suit merely because an existing form of remedy would give the parties complete relief, the availability of such other remedy may persuade the court that there is no necessity for a declaratory judgment. (Hagaman Mfg. Corp. v. Rough-Wear Clothing Co., 284 App. Div. 189.)
“ A motion to dismiss the complaint in an action for declaratory judgment poses the question as to whether a proper case for invoking jurisdiction of the court to make a declaratory judgment is presented (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50, 51). The court, if possible, should decide at the threshhold of the action when the issue is raised, whether or not to assume jurisdiction (Red Robin Stores v. Rose, 274 App. Div. 462, 466).” (Latham & Co. v. Mayflower Industries, 278 App. Div. 90, 95.)
In the instant case plaintiffs may obtain a complete determination of their rights under the lease in the summary proceeding pending in the District Court of Nassau County. Indeed in their answer to the summary proceeding plaintiffs have pleaded as a separate defense that the defendant Masiello did not exercise the option to cancel the lease but in fact elected to affirm it. In their moving affidavit on the motion for consolidation plaintiffs state: ‘ ‘ That the material issues in the Supreme Court action are the same as the material issues of the summary proceeding ’ ’. Under such circumstances there is no need for a declaratory judgment.
In Magnotta v. Parkway Fleetwood Bldg. (277 App. Div. 896), a case on all fours with the one at bar, the Appellate Division of this department dismissed an action for a declaratory judgment and for injunctive relief on the ground that the parties could obtain full relief in a summary proceeding then pending in the County Court of Westchester County. That ruling is determinative of the issues presented here.
Plaintiffs’ motions for a temporary injunction and for consolidation are denied. Defendants’ cross motion to dismiss the complaint is granted solely on the ground that full relief may be obtained in the pending summary proceeding.
Submit order.