■ NORMAN M. OBEDIN et al., Individually and as Copartners under the Name of CONTINENTAL CONSTRUCTION Co., Appellants, v. JOSEPH MASIELLO et al., Respondents.— In an action pending in the Supreme Court, Queens County, for a judgment declaring the rights of the parties with respect to a certain lease of real property, the appeals are (1) from an order denying appellants' motion for an injunction pendente lite and granting respondents' cross motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, and (2) from an order denying appellants' motion to remove a summary proceeding, affecting the same real property, instituted by two of the respondents in the District Court, Nassau County, to the Supreme Court, Queens County, for consolidation with the action pending in that court. Order denying the injunction and dismissing the complaint modified by striking from the second ordering paragraph everything following the words "hereby is" and by substituting therefor the word "denied". As so modified, order unanimously affirmed, without costs. Order denying removal and consolidation reversed, with $10 costs and disbursements, and motion granted, with $10 costs. In our opinion, jurisdiction over the differences of the parties hereto should, under the circumstances of this case, be in the Supreme Court where the full equitable powers of the court are available to pass upon the complex questions of law involved in the determination of the question as to whether respondents had the right to elect to cancel the lease by virtue of the condemnation proceedings instituted by the County of Nassau. Ownership of, and possessory rights to, the building erected by appellants as well as the nature of the termination clause invoked by respondents, were cast in issue. Respondent Masiello is not a party to the District Court proceeding and his absence may be prejudicial to appellants. In any event, the jurisdiction of the Supreme Court having been first invoked by appellants, the subsequent summary proceeding commenced by respondents in the District Court could not oust the Supreme Court of its prior juris-

diction (*Colson* v. *Pelgram*, 259 N. Y. 370, 375; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304, 311–312). This is a proper instance for consolidation of a summary dispossess proceeding in an inferior tribunal with an action pending in the Supreme Court (Civ. Prac. Act, § 1426-a; *Levy* v. *Van Dorn Hotel Corp.*, 60 N. Y. S. 2d 795; *Wenglin* v. *Raven Elec. Co.*, 82 N. Y. S. 2d 287). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [5 Misc 2d 336.]