M. Henry Martuscello, J.
Plaintiff, a co-operative corporation, seeks a judgment against defendant, a stockholder in such corporation, determining its rights as against defendant and declaring that plaintiff by its board of directors has the power to pass and enforce the resolution set forth in the complaint, specifically with relation to defendant’s use of a washing machine in his apartment, and directing that defendant abide by the provisions of the resolution.
The complaint alleges that the occupancy agreement between plaintiff and defendant provides that plaintiff may from time to time establish such reasonable rules and regulations as its board of directors may deem necessary for the management and control of the building and may also from time to time change *585 such, rules and regulations; that such rules shall he a part of the lease between the parties and that the occupant (co-operator) shall obey all such rules; that the board of directors of plaintiff corporation passed a resolution providing for the payment of $1.50 per month for all occupants having a washing machine in their apartments; that notice was duly given to defendant; that pursuant to the occupancy agreement defendant became bound by said resolution; that defendant has refused to comply with the resolution and has refused to pay the washing machine charge of $1.50 per month; that plaintiff contends the resolution is within its power to enact and is a reasonable rule and regulation.
Defendant’s answer admits the allegations of the complaint except that it denies paragraph eleventh thereof which alleges that by virtue of the occupancy agreement and the by-laws and certificate of incorporation, the tenant became subject to said resolution and denies so much of paragraph sixteenth as alleges that the resolution is reasonable and within the power of the board of directors to enact and enforce. It is to be noted that defendant does not allege that the amount of the charge is unreasonable but rather that any charge is unreasonable. Defendant also denies paragraph eighteenth insofar as that paragraph alleges that plaintiff has no adequate remedy at law. None of the denials contained in defendant’s answer raise a triable issue of fact.
Defendant’s first affirmative defense that the resolution is invalid, illegal and beyond the powers of the corporation, that the only payment required to be made by him is a monthly carrying charge, that the charge for use of the washing machine is not a carrying charge, and that the charge and resolution are in violation of the rights of the defendant under the occupancy agreement, certificate of incorporation, by-laws and stock certificate, also raises no triable issue of fact. Defendant’s second affirmative defense that plaintiff has an adequate remedy at law does not deprive the court of its discretionary right to retain the action even where ‘ ‘ existing forms of actions ’ ’ are adequate (Rules Civ. Prac., rule 212; Physicians Diagnostic Lab. v. Penthouse Bldgs., 186 Misc. 892). Also, in the instant case, plaintiff would be unable, in an action at law, to obtain the complete relief it seeks or a complete determination of the rights of the parties.
Defendant concedes the regularity of the adoption of the resolution, and the sole issue raised by the denials and affirmative defenses is as to the right of the plaintiff corporation to impose a charge for the use of washing machines.
*586 The occupancy agreement between the parties obligates defendant to pay the ‘ ‘ carrying charges ’ ’ as fixed by the board of directors of plaintiff (art. I, First, 4); provides that the corporate directorate shall have full power to determine the manner of maintaining and operating the premises (art. I, First, 5) and to establish reasonable rules and regulations as the directors may deem necessary for the management and control of the building, and may from time to time change such rules; that such rules are part of the lease as if set forth therein, and that the co-operator agrees to obey such rules (art. IV, Eleventh, d). While the charge for use of a washing machine is not a carrying charge, such charges being based upon applicable charges for maintenance and operation of the corporation, amortization, reserves, etc., pro rated among the co-operators, nevertheless said charge is authorized by the terms of the agreement between the parties. Defendant is required to pay for special facilities used by him, as are others similarly situated; and he cannot expect the expense thereof to be borne by other co-operators who do not use such facilities. Charges for the use of washing machines in co-operatively owned apartments have been held to be reasonable (Forest Park Coop. v. Hellman, 2 Misc 2d 183; Hilltop Vil. Coop. No. 4 v. Wolman, 13 Misc 2d 753; Vernon Manor Co-op. Apts. v. Salatino, 15 Misc 2d 491). Defendant points out that the fact that the occupancy agreement in the last-mentioned case differs from that in the instant case indicates that the instant occupancy agreement was intended to secure his right to use the washing-machine. Plaintiff has not denied defendant the use of the washing machine but has, through the action of its board of directors, established a charge for such use.
Since the pleadings raise no material issues of fact but only questions of law, the motion for summary judgment is granted and defendant’s defenses stricken. (Coutts v. Kraft & Bros. Co., 119 Misc. 260, affd. 206 App. Div. 625.)
Settle order on notice.