Walter E. Hart, J.
The facts alleged in the complaint and moving affidavit are as follows: The plaintiffs are stockholders and lessees of the defendant Kingsview Homes, Inc., a redevelopment company organized pursuant to the Eedevelopment Companies Law of the State of New York (L. 1942, ch. 845, as amd.). The defendant corporation is the owner of a housing project popularly known as a “ cooperative ” which was developed through loans and grants from the Federal Government as provided in Title I of the Housing Act of 1949 (U. S. Code, tit. 42, § 1451 et seq.), which project consists of several multiple dwelling buildings in the vicinity of Ashland Place in Brooklyn. The individual defendants are officers and directors of the company.
In or about the month of November, 1956, the plaintiffs, having previously purchased and paid for stock of the defendant corporation entitling them to possession and occupancy of their respective apartments, entered into leases with the corporation. The leases provided in article Second thereof, among other things, for the payment by each lessee of specified annual rental charges payable in equal monthly installments on account of the lessee’s annual rental obligation which is defined in said lease as “ the lessee’s proportionate charge of the operating costs, including but not limited to management and maintenance costs, interest, depreciation and/or amortization whichever is the greater, taxes, assessments, water and sewer charges, insurance, vacancy and collection loss reserves and reserves for replacement of the Lessor ’ ’ not to exceed said annual rental charge except as provided in said leases.
The leases further provide that the annual rental obligation for each year be finally determined by the lessor’s board of directors in the light of the year’s operating experience for the payment or allowance of rebates to the lessees “ in proportion to the rental payments made ” by them, and for the *494 purchase by the lessees of additional stock of the corporation out of any such rebates.
The leases also provide that the corporation may from time to time apply “ to the Board of Estimate of the City of New York for permission to increase the maximum average permissible rental per month per rental room, in accordance with the provisions of the agreement between the City of New York and the Lessor dated as of April 23, 1953, as the same may be amended,” and it was agreed that the stockholder-lessees would pay such increase as of the effective date of any increase granted by the Board of Estimate “by an amount proportionate to the increase in such maximum average permissible rental.”
The leases additionally provide that each lessee “ covenants to pay a proportionate increase in rental as and when made by the Lessor, without any application by the Lessor to the Board of Estimate to the extent that at any particular time or times, the rental charge for the demised premises, plus the rental charges for all the other residential premises in the project, average less than the maximum average rental permitted by the aforesaid Agreement between the City of New York and the Lessor in force at the time of this Indenture of Lease or as said Agreement may be amended from time to time.”
It is further alleged in the complaint that between the years 1953 and 1956 the plaintiffs purchased their respective apartments in the project by paying certain sums of money demanded by the corporation, the amounts of which sums of money were determined by the corporation to be specificially equated with the size and location of each apartment so conveyed. At the time each lessee purchased his apartment he was advised by the defendant corporation that his monthly rental charge would be that proportionate part of the aggregate of the maintenance costs of the premises with the size and location of his apartment, in relation to all the other apartments in the premises, bore thereto.
On or about August 10, 1956, shortly before plaintiffs took possession of their respective apartments, they were notified by the corporation that due to an increase in construction costs over the original estimate it was necessary to increase the mortgage and for each lessee to pay an additional $25 per room for his apartment. Each of the plaintiffs complied with this request. Within less than a year after the alleged construction deficit had been met by an increase in the mortgage and the payment of $25 per room by the lessees, plaintiffs and all other lessees were notified by the corporation that a construction deficit of $110,000 had been inherited by the corporation *495 which was to be met by an assessment against the lessees of $100 per room in exchange for additional stock of the corporation so as to avoid an alleged necessary increase of monthly maintenance charges. A large number of the lessees paid or agreed to pay the additional assessment but the plaintiffs herein refused to do so. Thereafter the defendants adopted a resolution on December 20,1957 to increase the monthly rental charges of the plaintiffs commencing January 1,1958 in various amounts depending upon the size of their respective apartments, whereupon separate summary proceedings were commenced against them in the Municipal Court. After the trial of these proceedings decision was rendered by the Municipal Court in favor of the plaintiffs herein and against the corporation, the court holding that the corporation could not lawfully increase the monthly rental charges of the lessees who had refused to purchase additional stock of the corporation that had been offered for sale to meet an alleged construction deficit.
It is further alleged that during the month of February, 1959 the board of directors of the corporation purported to adopt a resolution proposing an amendment to the by-laws of the corporation which, by its terms, if approved by the stockholders, would permit the board of directors to equate the monthly rental charges of the lessees, not only with the number and location of the rooms occupied by them, as had theretofore been the sole lawful standard for such determination, but also with the number of shares of stock owned by each stockholder of the corporation. Subsequently the defendant directors called a special meeting of the stockholders of the corporation to . vote upon the resolution to amend the by-laws of the corporation. It is claimed that the notices of the special meeting were defective since they were not mailed as required by the by-laws but were inserted under the entrance doors to the respective apartments occupied by the stockholders. It is further claimed that the meeting of stockholders was attended by persons other than the stockholders who were permitted to vote thereon. As a result of the amendment to the by-laws the monthly rental charges of all the lessees have been increased commencing March 1, 1959 in varying amounts. Plaintiffs contend that these increases were considerably higher for them, since they did not purchase additional stock of the corporation, than they were for other lessees who purchased such additional stock.
Plaintiffs allege they have tendered the corporation the amount of the monthly rental charge due from each of them for their respective apartments in accordance with the terms of their leases but the corporation has refused to.accept payment. It *496 appears further that a summary proceeding was instituted against one of the plaintiffs but the service of the precept was set aside. Defendants concede that they are about to institute new proceedings against the plaintiffs. The plaintiffs dispute the right of the corporation under the color of the amendment to the by-laws and without having obtained permission of the Board of Estimate to collect from them as monthly rental charges any more than the amounts specified in their leases upon the grounds that (a) the increases have not been imposed upon all the lessees in lawful proportion to the size and location of their respective apartments as required by the leases between the parties and by the agreement between the corporation and the City of New York; (b) that the alleged increases imposed upon all of the tenants resulted in unlawful increases in the ‘ maximum average permissible rental per month per rental room of $21 ” as specified in the agreement between the corporation and the City of New York; and (c) that the by-laws amendment was not duly adopted at a lawfully assembled meeting of the stockholders of the corporation.
Accordingly, plaintiffs by this action for a declaratory judgment seek judgment determining and construing the legal rights and relations of the parties hereto with respect to the leases between them and the controlling agreement between the defendant and the City of New York as to the following matters; (1) Whether the plaintiffs are obliged to pay any increases that have been equated, computed and determined in relation to their nonpurchase of additional stock of the corporation that had been offered to them for sale to meet an alleged original construction deficit; (2) whether the increases in monthly rental. charges sought to be imposed on the plaintiffs violate the leases between the parties; (3) whether the increases in monthly rental charges sought by defendants were lawfully imposed without the permission and approval of the Board of Estimate of the City of New York and (4) whether the alleged amendment to the by-laws of the corporation was valid and lawful.
Plaintiffs also seek a permanent injunction restraining the defendants from prosecuting any proceedings against them.
Plaintiffs presently move for an injunction pendente lite to restrain the defendants from prosecuting any actions or proceedings against them for the purpose of collecting any rental charges in excess of those specified in the written leases or for the purpose of dispossessing or evicting them from their apartments for the alleged nonpayment of those charges.
In opposition to the motion it is the position of the defendants that a declaratory judgment is an improper remedy in this *497 case. It is the opinion of this court that a declaratory judgment here would stabilize and determine the jural relations of the parties. That ‘ jurisdiction over the differences of the parties hereto should, under the circumstances of this case, be in the Supreme Court where the full equitable powers of the court are available to pass upon the complex questions of law involved ” in the determination of whether the by-laws were lawfully amended and whether a circumvention has been resorted to for the purpose of penalizing the plaintiffs and violating their rights under their respective leases (cf. Obedin v. Masiello, 4 AD 2d 705).
Decisional precedents have firmly established the rule that in actions for a declaratory judgment with respect to lease agreements, jurisdiction should be assumed. In Simco Retail Stores of N. Y. v. Gross Constr. Co. (273 App. Div. 825) the Appellate Division of this department stated: ‘ ‘ The dismissal of the complaint was an improvident exercise of discretion under the rule of obtaining in this court in respect of actions for declaratory judgment to resolve divergent claims of parties under leases, in which it has been held that controversies of the character set out in the complaint herein are peculiarly the proper subject of determniation in an action for a declaratory judgment.” [Citing cases.]
In Woollard v. Schaffer Stores Co. (246 App. Div. 157, mod. 272 N. Y. 304) plaintiff sought a declaratory judgment to determine the rights of the parties under a lease and for determination as to whether the lease had been effectively cancelled. In holding that the court had properly assumed jurisdiction of such a controversy, the Court of Appeals said (pp. 311-312): “ We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by section 473 and rule 212. Here a genuine controversy existed, and the parties were unable to determine definitely the nature which the litigation should assume. Before this action was begun, plaintiff, in his letter of September 19, expressed the opinion that an action in ejectment would be proper. Respondent’s brief suggests either summary proceeding or ejectment. The numerous issues arising from the pleading are sufficient to confer upon the court power to entertain jurisdiction and to decide them all in this single action. While it had discretion to refuse jurisdiction it was not bound so to do.”
The case of Trustees of Columbia Univ. v. Kalvin (132 Misc. 601, affd. 225 App. Div. 654, revd. on other grounds 250 N. Y. *498 469) involved an action for a declaratory judgment in which, the court was asked to decide whether an option under a lease agreement remained in force. Jurisdiction of the controversy was accepted.
In Shore v. Robinson (247 App. Div. 846) the Appellate Division, Third Department, sustained the validity of a temporary restraining order issued in an action for a declaratory judgment as to plaintiff’s rights under a lease and for an injunction restraining defendant from ousting plaintiff from the property.
In 9506 Ditmas Ave. Corp. v. Brescia (270 App. Div. 1031) the Appellate Division, Second Department, in reversing an order dismissing a complaint which sought a declaratory judgment as to the rights of the parties under a lease agreement, stated: ‘ ‘ The complaint sets forth sufficient facts to indicate that the jural relations of the parties are disturbed and that their rights are in dispute, and that it is not proper to determine on a preliminary motion whether a declaratory judgment should be granted or denied. Lewis, P. J., Hag-arty, Carswell, Johnsroy and Adel, JJ., concur.”
In Physicians Diagnostic Lab. v. Penthouse Bldgs. (186 Misc. 892) plaintiff sued for a declaratory judgment alleging that defendant had taken the position that the lease had been terminated; plaintiff further alleged that defendant threatened to gain possession. In denying a motion to dismiss the complaint, the court pointed out (pp. 892-893): “In the circumstances, a proper case for maintaining an action for a declaratory judgment has been alleged. Plaintiff’s remedies under ‘ existing forms of action ’ (Rules Civ. Prac., rule 212) are not adequate, particularly under conditions now prevailing, and even if they were, the court would nevertheless possess discretion to entertain the action (Borchard on Declaratory Judgments [2d ed.], p. 626; Woollard v. Schaffer Stores Co., 272 N. Y. 304, 311-312). The question of whether the ultimate determination of the rights of the parties should be in favor of the plaintiff or for the defendant is not presented by a motion of this character, which raises only the issue whether plaintiff is entitled to seek a declaratory judgment.
“ The motion to dismiss is denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.”
Other cases in which the court has assumed jurisdiction wherein the rights of parties under a lease agreement were required to be determined are Levco Theatre Corp. v. Mandy Amusement Corp. (262 App. Div. 726 [2d Dept.]) and Fidelity *499 & Columbia Trust Co. v. Levin (128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551).
Another cogent reason for the retention of jurisdiction is the circumstance that the instant action has been instituted prior to the effective commencement of any summary proceeding (Obedin v. Masiello, 4 A D 2d 705, supra).
To preserve the status quo of the parties pending the determination of the action, the relief requested by plaintiffs on their present application for an injunction pendente lite is granted. As a condition therefor, plaintiffs are required to continue to pay the rent provided for in their leases and in addition file an undertaking in the sum of $250 for each apartment involved. This determination is not prejudicial to the defendants’ rights since the equity calendar of this court is current.
Settle order on notice.