Joseph M. Conboy, J.
This is a consolidated action. Plaintiffs sued to obtain a declaratory judgment with respect to their rights under a lease. Some of the defendants brought a summary proceeding in the District Court of Nassau County to dispossess the plaintiffs. The summary proceeding was consolidated with plaintiffs’ action (4 A D 2d 705; 5 Misc 2d 336).
On August 30, 1951 defendant Masiello leased to plaintiffs’ predecessors in interest a certain parcel of vacant land on the northeast corner of Old Country Road and Manhattan Avenue* in the Incorporated Village of Westbury, Nassau County, for a term of 35 years expiring on August 31,1986. The lease was a net lease providing for a fixed rental in addition to taxes and assessments and contained the following clause: “ 21st. That should the land whereon said building stand or any part thereof be condemned for public use, then in that event, upon the taking of the same for such public use, this lease, at the option of the *103 Landlord, shall become null and void, and the term cease and come to an end upon the date when the same shall be taken and the rent shall be apportioned as of said date. No part of any award, however, shall belong to the Tenant.”
On December 27, 1951 the parties made another agreement amending the original lease adding to the demised premises certain additional adjoining vacant land. The amendment did not affect the 21st clause of the original lease.
Sometime between the date of the original lease and the amendment thereof a one-story commercial building was erected on the premises. This building was set back almost 9 feet from the northerly side of Old Country Road. In 1955 the building was enlarged and the east and west ends of the building were extended to a point in close proximity to the then northerly side of Old Country Road. On May 14, 1956, plaintiffs sublet the premises to a subtenant for a term expiring on May 31,1971.
In August, 1956 the County of Nassau commenced proceedings to acquire certain real property in order to widen Old Country Road from Meadow Brook State Parkway Extension to Barnum Avenue in the Village of Westbury. Pursuant to published notice a hearing was held on October 8, 1956, and on October 11, 1956, a damage map, adopted by the Board of Supervisors of Nassau County, was filed in the office of the Clerk of Nassau County.
The damage map affected the premises here involved to the extent of approximately 3% feet fronting on Old Country Road. The portions of the building affected were two small triangles at the east and west ends of the building where they jut out beyond the central portion of the front of the building. The front of the building is generally concave in shape, being made up of three straight lines, the center one being approximately parallel to the street line and the two other lines running at an angle outward from the central portion of the front to the side lines of the building. The damage map also showed a proposed working easement for approximately 10 feet north of the property taken.
On or about November 13, 1956 the County Attorney sent a form letter to all persons affected by the proceeding, together with a notice of application to the Supreme Court, Nassau County, returnable November 27,1956, for an order condemning the real property as shown on the damage map filed on October 11, 1956. Defendant Masiello concededly received said notice.
On November 28, 1956 Barnett Mackler, an attorney who had been designated by defendant Masiello to discuss with plain *104 tiffs any problems in connection with the leased premises, inquired of the County Attorney concerning the size of the working easement which the county was talcing.
After the county had acquired title, and on or about December 1, 1956, plaintiffs paid the regular installment of rent under the terms of the lease. That check was cleared through the Nassau County Clearing Bureau on December 3, 1956. On December 11, 1956 the County Attorney wrote to all interested parties advising them that title had vested in the County of Nassau by an order of the Supreme Court entered in the County Clerk’s office on November 27,1956. Defendant Masiello concededly received such notice.
On December 14,1956 Barnett Mackler wrote to the plaintiffs that defendant Masiello had requested him to notify them of the existence of certain mechanics’ liens and that Masiello, as landlord, demanded that plaintiffs immediately cause them to be cancelled or bonded.
On December 21, 1956 defendant Masiello executed a deed conveying to the defendants Crispo the premises herein together with “ such award as may be made by the County of Nassau ” for the portion of the property taken for the widening of Old Country Boad. On December 26, 1956 the defendants Crispo wrote to the plaintiffs stating that as owners of the property they elected to terminate the lease under the option granted to them by the 21st clause thereof because of the condemnation proceeding.
A check for the January, 1957 rent, mailed by the plaintiffs to the defendant Masiello on or about December 28, 1956, was returned to them by defendant Patsy W. Crispo with the statement that they should contact Mr. Mackler; that Crispo would not accept the check without his lawyer’s consent.
At the time of the trial of this action the widening of Old Country Boad had been completed and no part of the building had been disturbed. A small portion of the east and west corners of the building now encroach on Old Country Boad.
The first point of dispute between the parties is whether the 21st clause of the lease constitutes a condition, as claimed by the plaintiffs, or a conditional limitation, as contended by the defendants. If it is a conditional limitation, the happening of the event automatically terminates the estate, whereas if it is a condition, some act must be done in order to defeat the estate. (Lyon v. Hersey, 103 N. Y. 264, 269.)
Where upon the happening of an event the landlord has the option to continue or to terminate the lease it does not *105 expire by its own limitation and is, therefore, a condition merely and not a conditional limitation. (Beach v. Nixon, 9 N. Y. 35.) In the instant case the lease provided that in the event of condemnation ‘ ‘ this lease, at the option of the Landlord, shall become null and void”. It is apparent, therefore, that the 21st clause of the lease created a condition and not a limitation.
Plaintiffs argue further that the landlord could exercise the option only if some part of the building were taken in condemnation and that since the land was vacant at the time of the original lease this clause must refer to the original small building which was in existence when the lease was amended on December 27, 1951. No part of that building was taken since it was set back almost 9 feet and the strip taken by the county was only about 3% feet deep.
When the original lease was made the land was vacant. It is apparent that the parties contemplated that a building would thereafter be erected! The only reasonable construction of this clause in the original lease is that it referred to any building thereafter built. Plaintiffs conceded that the 21st clause of the lease was not affected by the amending agreement. Since the land taken does include two small portions of the building now standing there, the court concludes that the landlord did have the option to terminate the lease under the terms of the 21st clause thereof.
There remains for consideration plaintiffs’ contention that the landlord, by his conduct after the condemnation, waived the forfeiture and elected to affirm the lease.
Forfeitures are not favored in the law. (Lyon v. Hersey, 103 N. Y. 264, 270, supra.) Waiver may consist of any act done by the landlord with knowledge of the facts giving rise to the forfeiture, which recognizes a continuance of the tenancy. It is an election between the right to hold the tenant to his contract and the right to re-enter. (Murray v. Harway, 56 N. Y. 337, 342.) Acceptance of rent by the landlord with knowledge of his right to terminate the lease constitutes a waiver of the forfeiture. (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 312; Collins v. Hasbrouck, 56 N. Y. 157, 164.)
In the instant case defendant Masiello concededly received notice from the County Attorney on or about November 13, 1956 that an application was being made to the Supreme Court on November 27, 1956 for an order of condemnation. His attorney inquired of the County Attorney on November 28, 1956, concerning the size of the working easement. Masiello received a check for the December rent on or about December *106 1, 1956, and deposited it in his bank on December 3, 1956. He also received notice from the County Attorney on or about December 11,1956 that title had vested in the County on November 27, 1956. His attorney, on December 14, 1956, wrote to the plaintiffs requesting them to remove certain mechanics’ liens. All of these acts constituted a waiver of his right to enforce the forfeiture, or, stated another way, constituted an election by him to hold the plaintiffs to the performance of their obligations under the lease.
Defendants argue that their knowledge that a condemnation proceeding was pending falls short of knowledge that the order applied for on November 27,1956 was granted. In this respect defendants are charged with the knowledge which they could have acquired by reasonable inquiry, where the knowledge they had would lead a reasonably prudent man to inquire. (Newton v. Scott, 254 App. Div. 140, 143.) If defendant Masiello did not actually know that the condemnation had taken place, he should have known it on the basis of the notices he had received and the means of investigation which were available to him.
When defendant Masiello conveyed the property on December 21, 1956, the grantees Crispo received only what their grantor could convey, and at that point Masiello could no longer convey the right to enforce the forfeiture.
Judgment is granted in favor of the plaintiffs in the action for a declaratory judgment and the petition in the summary proceeding is dismissed.
Settle judgment accordingly.