Oscar Mxjrov, J.
This is an application for an order striking out the answer of the defendant, Jim’s Boat Yard, Inc., and directing the entry of summary judgment against said defendant in favor of the plaintiff pursuant to CPLR 3212.
This is an action for conversion brought by the executrix of the estate of Stan Lewis; and defendant, as third-party plaintiff, interpleaded one John J. Watts, an auctioneer.
The facts in the case can be telescoped as follows: Very shortly after Mr. Lewis purchased a sailboat from the defendant, he passed away. The boat was fully paid for but no one representing his estate ever claimed possession of it. When winter approached, the defendant took the boat from the water and put it in dry dock at its premises. This involved labor and “services ¡amounting to $196.88. The defendant contends that it made repeated efforts over a period of about one year to contact Mr. Lewis’ widow to obtain payment of that sum and to ascertain what she wanted to do with the boat. Mrs. Lewis denies ever having heard from the defendant. Finally the defendant engaged an auctioneer to sell the boat at auction in order to .satisfy the defendant’s lien on it. This sale took place on October 3, 1969, at the defendant’s place of business. The purchase price was $250 and the purchaser was the defendant itself1. The purchase to Mr. Lewis about a year earlier had been over $5,500. In the deposition of the defendant’s president, he conceded that the fair market value of the boat at the time of the auction was at least $3,000. Subsequently, the defendant resold the boat for $3,900.
The plaintiff is moving for summary judgment on the grounds that the sale of the boat was not effected in compliance with the Lien Law ¡and that it was thus tantamount to a conversion. The plaintiff’s moving papers fully document her claim and there is no question that the motion .should be granted and the matter set down for an inquest to determine damages; namely, the fair market value of the boat as of the .time of the conversion, less the amount of the defendant’s lien for labor and services.
The auction sale of this boat is governed by article 9 of the Lien Law — Enforcement of Liens on Personal Property. Article 4 of the Lien Law — Liens on Vessels and Enforcement Thereof — is not applicable because the section covers only seagoing or ocean-bound vessels. On the other hand, section 184 of the Lien Law deals with liens on a boat such ¡as this and article 9 deals with the enforcement thereof.
Section 201 of the Lien Law sets forth the specific provisions regarding the notice of sale to satisfy the lien that must be *427 complied with. It directs that such notice shall he served by certified mail and shall contain a statement of the following facts: “1. The nature of the debt or the agreement under which the lien arose, with an itemized statement of the claim and the time when due;
“ 2. A brief description of the personal property against which the lien exists;
‘ ‘ 3. The estimated value of such property;
“ 4. The amount of such lien, at the date of the notice.”
There are other items as well that must be included in the notice of sale, which are not necessary to discuss at length because there was no showing that a notice of sale was ever sent to Mrs. Lewis at all. Furthermore, the sale was not effected in compliance with section 202 of the Lien Law regarding the proper advertisement to be given; or in compliance with section 204, regarding the disposition of proceeds. The sale was clearly in violation of the Lien Law and the authority is copious that this is tantamount to a conversion. (See, e.g., Content v. Banner, 184 N. Y. 121; Toplitz v. Bauer, 161 N. Y. 325; Keleher v. O. Edwin Barnes, Inc., 236 App. Div. 760; and Hersehenhart v. Mehlman, 125 Misc. 887.)
The validity of the claim over by the defendant boatyard as a third-party plaintiff against the third-party defendant-auctioneer is not in issue here. Accordingly, that claim is to be severed and litigated as an independent action. (CPLB 1010; Johnson v. Gen. Mut. Ins. Co., 26 A D 2d 602.)
The motion for summary judgment is granted since no triable issue is presented and the matter is set down for inquest to be held before the court on the 17th day of May, 1972, at 9:30 a.m., for assessment of damages.