Oscar Mtjrov, J.
Third-party plaintiff, Jim’s Boat Yard, Inc., moves for summary judgment upon the theory that the defendant auctioneer failed to comply with the Lien Law in selling a boat and is therefore liable over to it.
On April 26,1972, the court decided that the widow (plaintiff) of the purchaser of the boat was entitled to summary judgment against the boatyard upon the theory that since the seller of the boat failed to comply with the Lien Law the sale was, in effect, a conversion of the boat (Content v. Banner, 184 N. Y. 121; Toplitz v. Bauer, 161 N. Y. 325; Keleher v. O. Edwin Barnes Inc., 236 App. Div. 760). Decision reported in 70 Misc 2d 425.
The third-party plaintiff, Jim’s Boat Yard, alleges four omissions in the notice of sale-, namely: first, the estimated value was omitted; second, the sale took place 14 instead of 15 days after the first publication; third, that since the agreement on which the lien was based provided for continuous care, the notice should have contained the sums which may accrue; fourth, the notice was published in Queens County instead of the Town of Babylon.
Defendant Watts refutes the four contentions. Briefly stated, he alleges that since the third-party plaintiff was the seller of the boat, it should have known the estimated value; that the sale took place 15 days from publication, if you count the publication day; that although the notice did not have the dollar amount of the additional sums due, the notice did state that ‘ ‘ additional lien for whatever sum may be due ”; that the notice is sufficient because the Long Island Press is circulated in the Town of Babylon although not printed therein.
The notice of sale is defective on at least two counts, and therefore plaintiff should prevail on its motion.
The estimated value is omitted from the notice of sale. Subdivision 3 of section 201 of the Lien Law states that the notice shall contain a statement of the estimated value of such property. Defendant cannot allege that since plaintiff was the origi *26 nal seller of the boat, it knew the value. Sections 200 and 202 of the Lien Law state that the lien against personal property may be satisfied by the public sale of the property to the highest bidder. The public, therefore was entitled to be notified of the sale, 'and of course, of the estimated value.
Plaintiff is correct in its contention that the sale took place 14 instead of 15 days from the first publication (Lien Law, § 202, subd. 1). Defendant contends that since the section states that the sale shall be 15 days from the first publication, the first day shall count. Section 20 of the General Construction Law states that in computing a number of days specified as la period from a certain day, means the number of calendar days exclusive of the calendar day from which the reckoning is made.
In the old case of Kane v. City of Brooklyn (114 N. Y. 586, 594) the statute provided that the land “ will be sold at public auction to the highest bidder at a time and place specified in said notice, not less than thirty days after the first publication thereof ” (emphasis added) (Lien Law, § 202, subd. 1 states “ such sale shall be held not less than fifteen days from the first publication ”). The court stated (p. 594), “ the general rule for the computation of time in this state is to exclude the first day and to include the last. ’ ’
The notice was first published on September 19 and the sale was held on October 3. Excluding the first day and including the last, the court finds that the sale took place 14 days from the first publication.
Plaintiff contends that the dollar amount for storage charges is not indicated. The notice states, in part: ‘ ‘ The undersigned further claims an additional lien for whatever sum may be due for storage charges from September 19,1969 to October 3,1969 to the date of payment or sale, for which additional sum a lien is hereby claimed ”.
Section 201 of the Lien Law states that “ the notice shall contain a statement that such additional sum is demanded. ’ ’ It does not state that the specific dollar amount must be mentioned. The better practice would be to mention the amount. In Bender’s Forms for the Consolidated Laws of New York (vol. 3C, Lien Law, § 201, Form 1) the form indicates that the storage rate per day should be added to the notice. (Neither side has raised the point that the sentence begins “ if the agreement on which the lien is based provides for the continuous care of property”. There was no agreement since the purchaser of the boat bought it, left it at the boatyard, and then died.)
*27 Plaintiff’s final point is that the newspaper was not published in the Town of Babylon where the sale was to be held. In other words, the printing plant was not in Babylon. Subdivision 1 of section 202 of the Lien Law states that the notice shall be published “ in a newspaper published in the town or city where such sale is to be held ”.
The notice of s:ale was published in the Long Island Daily Press, Suffolk Edition, which encompasses the Town of Babylon. The court does not interpret the phrase “ newspaper published in the town ” to mean that the plant has to be located there, but merely that the newspaper has a circulation in the town.
A motion for summary judgment should be granted if the cause of action shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. (CPLB 3212, subd. [b].)
It has been stated that “ issue-finding, rather than issue-determination, is the key to the procedure ” (Esteve v. Abad, 271 App. Div. 725, 727). However, “ since the pleadings raise no material issues of fact but only questions of law, the motion for summary judgment is granted and defendant’s defenses stricken.” (Garden Hall v. Abidor, 18 Misc 2d 584, 586; Coutts v. Kraft & Bros. Co., 119 Misc. 260, affd. 206 App. Div. 625).
Accordingly, an inquest to assess damages shall be held at a date and time provided for in the order. It is to be noted that the defendant’s liability is limited to the amount over and above the fair market value of the boat at the time of the conversion.